LEDBETTER v MICHIGAN CARTON COMPANY

1. WORKMEN'S COMPENSATION—IDIOPATHIC FALL—PERSONAL DISEASE OR INFIRMITY.

An idiopathic fall, when considering a worker's disability for compensation, is one resulting from some disease or infirmity that is strictly personal to an employee and unrelated to his employment.

2. WORKMEN'S COMPENSATION—POSITIONAL RISK—PROXIMATE CAUSE— TRAUMA—EMPLOYER'S PREMISES—COMPENSABLE INJURIES.

Case precedent which allows an injured employee to recover workmen's compensation benefits in positional risk cases, while striking down the proximate cause test for compensation, does not set forth a rule whereby any trauma suffered by an employee while on the employer's premises or while on company business is necessarily compensable, but requires that some other connection between the employment and the injury be shown.

3. WORKMEN'S COMPENSATION—COMPENSABLE INJURY—OUT OF AND IN COURSE OF EMPLOYMENT.

The workmen's compensation law requires that an injury, to be compensable, must arise out of and in the course of employment (MCLA 418.301; MSA 17.237[301]).

4. WORKMEN'S COMPENSATION—DISABILITY—PRE-EXISTING CONDITION —QUESTION OF FACT—LEGAL PRINCIPLE.

The question of whether a disability arose out of an employee's employment, in cases where it is asserted that the disability was caused by a pre-existing condition, is resolved by the trier of fact only upon inquiry regarding the work connection; the legal principle to be applied is whether the employment aggravated, accelerated, or combined with the disease or infirmity to produce the disability.

REFERENCES FOR POINTS IN HEADNOTES

[1, 6, 7] 82 Am Jur 2d, Workmen's Compensation § 319.
[2] 82 Am Jur 2d, Workmen's Compensation § 301.
[3, 5, 7] 81 Am Jur 2d, Workmen's Compensation § 240 *et seq.*
[4, 5] 82 Am Jur 2d, Workmen's Compensation §§ 333–337.

5. WORKMEN'S COMPENSATION—EMPLOYER'S PREMISES—PERSONAL RISK
   —IDIOPATHIC FALLS—CONNECTION BETWEEN INJURY AND EM-
   PLOYMENT.

   The sole fact that an employee's injury occurred on the employ-
   er's premises does not supply enough of a connection between
   the employment and the injury to entitle the employee to
   workmen's compensation benefits in personal risk cases, includ-
   ing idiopathic fall situations; some showing must be made that
   the location of the fall aggravated or increased the injury
   before compensation benefits should be awarded in such cases.

6. WORKMEN'S COMPENSATION—IDIOPATHIC FALLS—EMPLOYER'S PREM-
   ISES—CEMENT FLOOR.

   The fact that an employee, who was injured in an idiopathic fall
   on his employer's premises, may have been more severely
   injured by falling over on a cement floor than he would have
   been had he fallen on a floor of a different composition is
   insufficient to make the employee entitled to workmen's com-
   pensation benefits where it cannot be said with certainty that
   had the fall occurred at a different location, away from the
   employer's premises, the injuries would have been less serious.

7. WORKMEN'S COMPENSATION—IDIOPATHIC FALLS—LEVEL FLOOR—
   FALLS FROM PLATFORMS—OUT OF AND IN COURSE OF EMPLOY-
   MENT.

   Idiopathic falls where an employee topples over while standing on
   a level floor on the employer's premises are distinguishable
   from idiopathic falls from platforms, ladders, or onto some type
   of machinery; the claimant must show that the injury arose
   "out of and in the course of" employment.

Appeal from Workmen's Compensation Appeal
Board. Submitted February 3, 1977, at Grand Rap-
ids. (Docket No. 25168.) Decided March 28, 1977.
Leave to appeal applied for.

Claim by Mary E. Ledbetter, widow of Dall
Ledbetter, Jr., deceased, against Michigan Carton
Company for workmen's compensation benefits.
Compensation denied. Plaintiff appeals by leave
granted. Affirmed.

*Wilcox, Robison & Dandenault,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone),* for defendant.

Before: D. F. WALSH, P. J., and QUINN and BASH-ARA, JJ.

BASHARA, J. Plaintiff Mary Ledbetter, widow of the deceased Dall Ledbetter, appeals by leave from a decision of the Workmen's Compensation Appeal Board which denied her dependency benefits arising from the death of her husband.

Since the issue raised in this appeal is one of first impression in Michigan, a short summary of relevant facts is necessary. The decedent returned to work at defendant company on May 15, 1972, following a three-month leave resulting from a broken leg. In consideration of the newly-healed injury the decedent was given work which required lighter physical labor than his previous job. After his shift was completed the decedent went to the company locker room to retrieve his coat. While standing in the locker room, the decedent suddenly began shaking and foaming at the mouth, turned completely stiff, and fell to the floor. Due to his rigidity, the decedent did not attempt to break his fall. His head hit directly onto the concrete floor. The decedent's shaking and subsequent fall were observed by two witnesses.

The decedent was taken to a hospital where one week later he died. The cause of death was found to be a fractured skull resulting in massive acute subdural hematoma.[1]

The issue before this Court is whether injuries

---

[1] It is alleged by plaintiff that decedent's injuries were not diagnosed properly, and the improper diagnosis may have contributed to decedent's demise. For purposes of this discussion we need not resolve that issue.

resulting from an idiopathic fall onto an employer's level floor are compensable under Michigan's Workmen's Compensation Act. MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.* An idiopathic fall is one resulting from some disease or infirmity that is strictly personal to the employee and unrelated to his employment.

As this is novel to Michigan, we must look to other jurisdictions for guidance. A survey of idiopathic fall cases is included in Professor Larson's comprehensive treatise on Workmen's Compensation Law, § 12.14, pp 3-216 to 3-231. Larson relates the trend of decisions as follows:

"A distinct majority of jurisdictions, * * * have denied compensation in level-fall cases. The reason is that the basic cause of the harm is personal, and that the employment does not significantly add to the risk. A significant minority, however, make awards for idiopathic level-floor falls, but on close examination of the facts and opinions in these cases, the number is not as large as it has sometimes been thought to be." Larson, Workmen's Compensation Law, *supra,* at 3-217–3-219.

Compensation benefits in level floor fall cases have been denied in a Federal circuit and in a number of state systems.[2] A small number of state courts have allowed compensation.[3]

This Court is of the opinion that acceptance of

[2] *Wolff v Britton,* 117 US App DC 209; 328 F2d 181 (1964), *Sears, Roebuck & Co v Industrial Commission,* 69 Ariz 320; 213 P2d 672 (1950), *Borden Foods Co v Dorsey,* 112 Ga App 838; 146 SE2d 532 (1965), *Montanari v Lehigh Portland Cement Co,* 282 App Div 1082; 126 NYS2d 180 (1953), *Cole v Guilford County,* 259 NC 724; 131 SE2d 308 (1963), *Zuchowski v United States Rubber Co,* 102 RI 165; 229 A2d 61 (1967).

[3] *Employer's Mutual Liability Insurance Co of Wisconsin v Industrial Accident Commission,* 41 Cal 2d 676; 263 P2d 4 (1953), *George v Great Eastern Food Products Inc,* 44 NJ 44; 207 A2d 161 (1965), *Pollock v Studebaker Corp,* 97 NE2d 631 (Ind App, 1951), *General Insurance Corp v Wickersham,* 235 SW2d 215 (Tex Civ App, 1950).

the majority rule, which denies benefits in level floor cases, is the preferable result. We do not believe the sole fact that the decedent's fall occurred on the employer's premises justifies an award of dependency benefits to his widow.

The plaintiff strenuously argues that Michigan no longer requires a showing that the employee's injuries were proximately caused by his employment. In *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783 (1970), the Michigan Supreme Court did hold that a showing of proximate causality between the employment and the injury is not a prerequisite of compensation. *Whetro* involved a so-called "positional risk" case. There the plaintiff was injured when a tornado destroyed a motel at which he was staying while on business for his employer.

The Court rejected the defendant's argument that an "act of God" defeats a Workmen's Compensation claim. Under Larson's terminology an "act of God" would be a "neutral risk" since it arose neither from the employment or from the employee's person. The Court held that since the employee's work required him to be in a location where he was exposed to neutral risk, his injury had arisen "out of" his employment. The fact that the proximate cause of the injury, the tornado, was not part of the employment did not render the injury noncompensable.

While *Whetro* struck down the proximate cause test for compensation it did not, as implied by the plaintiff, set forth a rule that any trauma suffered by an employee while on the employer's premises or while on company business is necessarily compensable. Some other connection between the employment and the injury must be shown.

The test for this required connection has been

stated by the Michigan Supreme Court in a decision subsequent to *Whetro, supra.* In *Deziel v Difco Laboratories, Inc,* 394 Mich 466; 232 NW2d 146 (1975), the Court held:

"The Workmen's Compensation Act, MCLA 418.301; MSA 17.237(301), requires that injuries to be compensable must arise 'out of and in the course of' employment. In cases such as these which are asserted to involve pre-existing conditions the question of whether a disability arose out of the employment is resolved by the fact finder only upon inquiry regarding the work connection. The legal principle to be applied is that set forth by Professor Larson in § 12.20 of his treatise, Workmen's Compensation Law, at 3-231: whether 'the employment aggravated, accelerated, or combined with the disease or infirmity to produce the * * * disability'." 394 Mich at 475–476.

Although the *Deziel* case specifically involved psychiatric problems alleged to be caused or aggravated by the employment, the test announced is equally applicable to all cases where the injury results from some pre-existing personal condition.

The requirement that the employment be connected to the injury by way of aggravating or accelerating the harm creates a distinction between neutral risk and personal risk cases. In neutral risk cases, such as those considered in *Whetro, supra,* the connection is supplied by the fact that the injury occurs on the premises of the employer (or at a location where business is to be conducted) *and* that the employment itself required the employee to be at that location where exposure to the risk occurred. In personal risk cases, including idiopathic fall situations, the sole fact that the injury occurred on the employer's premises does not supply enough of a connection between the employment and the injury. Unless

some showing can be made that the location of the fall aggravated or increased the injury, compensation benefits should be denied.

The policy justification for this line of analysis in personal risk cases has been adequately expressed by Professor Larson:

"It should be stressed that this requirement of some *employment contribution to the risk* in idiopathic-fall injuries is a quite different matter from the requirement of increased risk in, say, lightning cases. The idiopathic-fall cases begin as personal-risk cases. There is therefore ample reason to assign the resulting loss to the employee personally. The lightning cases begin as neutral-risk cases. There is therefore no reason whatever to assign the resulting loss to the employee personally. To shift the loss in the idiopathic-fall cases to the employment, then, it is reasonable to require a showing of at least some substantial employment contribution to the harm. But in neutral-risk cases, the question is not one of shifting the loss away from a prima facie assignment to the employee at all, since there has never been ground for any such assignment; all that is needed to tip the scales in the direction of employment connection, under the *positional-risk theory,* is the fact that the employment brought the employee to the place at the time he was injured—an extremely lightweight causal factor, but enough to tip scales that are otherwise perfectly evenly balanced." Larson, Workmen's Compensation Law, *supra,* at 3-220–3-221.

While this Court firmly believes in the principle that employers should be responsible for work-related injuries of their employees, we do not feel that such responsibility should be stretched to include injuries predominantly personal to the employee.

In the present case the decedent's fall must be termed idiopathic in nature. The plaintiff has never alleged that the seizure was caused by the

employment. In addition, the plaintiff, while not actually conceding the cause of the fall, has consistently argued that the nature of the decedent's illness is not relevant. Our discussion of the distinction between personal risk and neutral risk cases belies the plaintiff's position. The seizure and fall was witnessed by two other employees. This matter cannot therefore be considered as one dealing with falls of unexplained or unknown origin.

The plaintiff's remaining argument for compensation is that the concrete or cement floor onto which the decedent fell aggravated his injury. Although we recognize that a fall onto a softer surface may have lessened the impact, we are not convinced that the composition of the floor necessarily aggravated the harm. It cannot be said with certainty that had the fall occurred at a different location, away from the employer's premises, the injuries would have been less serious.

This uncertainty distinguishes a level floor case from cases where compensation has been allowed for idiopathic falls from platforms, ladders, or onto some type of machinery. The distinction needs to be drawn, however slight.[4] The plaintiff has not shown that the decedent's injury arose "out of and in the course of" his employment.

The decision of the Workmen's Compensation Appeal Board denying dependency benefits to the plaintiff is affirmed.

---

[4] For a comprehensive discussion of cases dealing with falls to hard floors see Larson, Workmen's Compensation Law, § 12.14, pp 3-227 to 3-231.