McCLAIN v CHRYSLER CORPORATION

GAPINSKI v MAYFAIR PLASTICS COMPANY

Docket Nos. 68963, 68964. Submitted December 7, 1983, at Lansing.— Decided November 6, 1984. Leave to appeal applied for.

Larry A. McClain, an employee of Chrysler Corporation, was injured when he became dizzy and fell while on the job. His claim for workers' compensation benefits was denied on the basis that he had failed to show that the fall was work related or that his injury arose out of his employment.

Carol Ann Gapinski, an employee of Mayfair Plastics Company, was injured when she became dizzy and fell while at her job. Her claim for workers' compensation benefits was partially granted by a hearing referee, but subsequently denied by the Workers' Compensation Appeal Board, which concluded that her fall was of unknown cause and that, thus, her proofs did not relate her dizziness with her employment.

Each plaintiff sought leave to appeal to the Court of Appeals, which was denied. Upon application for leave to appeal to the Supreme Court, that Court remanded the cases to the Court of Appeals for consideration. 417 Mich 851 (1982). The cases were consolidated. The central issue in the cases is whether the plaintiffs sustained their burdens of proving that their unexplained falls arose out of their employment. *Held:*

1. In each case, the claimant presented no expert testimony concerning the cause of the claimant's dizziness. Therefore, the WCAB was free to reject the claimants' speculations as to the cause of their falls.

2. Michigan has not adopted a rule requiring payment of compensation simply because the injury occurred at the workplace, where the cause is unknown. Similarly, the occurrence of an injury on the employer's premises in the course of employment does not establish a prima facie showing that the injury

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 534.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 550, 588.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 563, 630 *et seq.*
[4, 5] 82 Am Jur 2d, Workmen's Compensation §§ 319, 514, 515.

arose out of the employment, thus changing the burden of going forward with the evidence to the employer.

3. The record in each case supports the findings made by the WCAB.

Affirmed.

M. J. KELLY, P.J., dissented. He would hold that claimants injured in falls of unknown origin may be compensated for any injuries directly attributable to the fall itself, though not for the underlying condition which caused the fall. The inquiry should be whether the fall arose out of and in the course of employment rather than whether the underlying cause of the fall was work related. He would remand for hearings to determine damages suffered as the result of the falls.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — EVIDENCE.

A workers' compensation claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace.

2. WORKERS' COMPENSATION — FINDINGS OF FACT — SUPPORT FOR FINDINGS.

Findings of fact in workers' compensation cases will not be set aside in the absence of fraud if there is evidence in the record to support those findings (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

3. WORKERS' COMPENSATION — APPEAL — LEGAL STANDARDS.

The Court of Appeals will reverse a finding of the Workers' Compensation Appeal Board where the board has operated within the wrong legal framework or has employed incorrect legal standards in reaching its decision.

4. WORKERS' COMPENSATION — IDIOPATHIC FALL — BURDEN OF PROOF.

Workers' compensation benefits are not required to be paid simply because an injury, such as a fall, occurred at the workplace, where the cause of the injury is unknown; similarly, the occurrence of an injury on the employer's premises in the course of employment does not establish a prima facie showing that the injury arose out of the employment, thus changing the burden of going forward with the evidence to the employer.

DISSENT BY M. J. KELLY, P.J.

5. WORKERS' COMPENSATION — IDIOPATHIC FALL — INJURY IN COURSE OF EMPLOYMENT.

An employee who is injured in a fall which arises in the course of

*employment, where the cause of the fall is unknown, should be granted compensation for any injuries directly attributable to the fall itself, but not for the underlying condition which caused the fall; the proper inquiry is whether the fall arose in the course of employment rather than whether the underlying cause of the fall was work-related.*

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Granner S. Ries*), for Larry McClain.

*Fred E. Foster,* for Carol Ann Gapinski.

*Lacey & Jones* (by *Stephen Jay Schwartz*), for Chrysler Corporation.

*John D. Hayes,* for Mayfair Plastics Company.

Before: M. J. Kelly, P.J., and Cynar and J. C. Kingsley,* JJ.

Per Curiam. In each of these consolidated cases, the plaintiff appeals from a decision of the Workers' Compensation Appeal Board (WCAB) which denied disability benefits for injuries suffered as a result of a fall while performing job tasks on their respective employer's premises. Each claimant sought this Court's leave to appeal, but the applications were denied. On application for leave to appeal to the Supreme Court, the causes were remanded to this Court for consideration as on leave granted. 417 Mich 851 (1982).

Plaintiff Larry McClain suffered injuries when he became dizzy and fell on November 2, 1976, while working on the assembly line at Chrysler's Lynch Road Assembly Plant in Detroit. His job was to attach nuts and bolts to sway bars that came along the conveyor belt and involved considerable stooping and bending. On the date of his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

injury, he arrived at the plant approximately one-half hour before his shift began and walked around the plant, including the welding, painting and upholstering shops.

Although he "felt good" when he arrived at work, he began to feel tired and dizzy when he started working. He called his supervisor after 15 or 20 minutes of work and asked to be relieved. The supervisor told him to walk around to see if he felt better. He took three steps and fainted, striking his head on the floor and sustaining serious injuries to his chin, jaw and teeth. Plaintiff testified to the presence of fumes in some of the shops which he passed through before starting his shift and stated he had never previously had any problem with dizziness and had no serious health problems.

The hearing referee denied benefits, finding that plaintiff suffered an "idiopathic" fall and that he had failed to establish a "causative thread" between employment and the injury. On appeal the WCAB affirmed, finding as a matter of fact that plaintiff had failed to sustain his burden of proof in establishing that the fall was work related. Because the plaintiff failed to show that the injury arose out of his employment, the board denied benefits.

Plaintiff Carol Ann Gapinski sustained injuries when she became dizzy and fell on September 13, 1977, while working as a molding machine operator at the plant of defendant Mayfair Plastics. Plaintiff testified that, on the date of her injury, she was approximately four months pregnant and "felt really good" when she came to work. She began feeling dizzy while working, stepped off a piece of cardboard approximately 1/2 inch thick which she had been standing on and fell straight back, striking her head on a concrete floor. A fan

next to her work station was knocked over in connection with her fall. She testified she had never had dizzy spells before, including during a prior pregnancy.

As a result of the fall, plaintiff sustained head injuries which led to a partial hearing loss in one ear and a "constant ringing sound". From that point forward, she continued having dizzy spells which occurred less frequently as time passed. Although no one witnessed the fall, plaintiff's supervisor heard the noise and found her unconscious, lying approximately six feet from her molding machine. Deposition testimony of her treating physician established the physical injuries sustained. He could offer no opinion, however, as to the cause of the fall because he testified he had no knowledge of what had occurred.

The hearing referee determined plaintiff was entitled to disability benefits for a period until she went on pregnancy leave. Both sides appealed, and the WCAB reversed the finding relying on *Ledbetter v Michigan Carton Co,* 74 Mich App 330; 253 NW2d 753 (1977). The board held that plaintiff was not entitled to any benefits because her proofs did not relate her dizziness with her employment. It concluded that her fall was of unknown cause or origin.

The central issue presented in these cases is whether the plaintiffs sustained their burden of proof in establishing that the unexplained falls arose out of their employment. Michigan workers' compensation law provides: "An employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act." MCL 418.301; MSA 17.237(301).

Workers' compensation claimants carry the bur-

den of proving causation by a preponderance of
the evidence. "In all successful worker's compensa-
tion cases, the claimant must establish by a pre-
ponderance of the evidence both a personal injury
and a relationship between the injury and the
workplace." *Miklik v Michigan Special Machine
Co,* 415 Mich 364, 367; 329 NW2d 713 (1982). See,
also, *Young v K Mart Corp,* 123 Mich App 789; 333
NW2d 359 (1983).

In McClain, the WCAB concluded that "[p]roofs
submitted on this record do not sustain his burden
of proof that his loss of consciousness and fall were
in any way related to his work. We so find as
fact". In Gapinski, the WCAB found that "[p]lain-
tiff's proofs have not related her dizziness with her
work".

Findings of fact in workers' compensation cases
will not be set aside in the absence of fraud if
there is evidence in the record to support such
findings. Const 1963, art 6, § 28; MCL 418.861;
MSA 17.237(861). A review of the record in each of
these cases persuades us that the WCAB's findings
of fact should not be set aside since the evidence
(or lack of it) allows a conclusion that each plain-
tiff failed to sustain his or her burden of proof
regarding causation.

In each case, the claimant presented no expert
testimony concerning causation. The WCAB was
free to reject McClain's speculation that his fall
may have been caused by his reaction to fumes or
by repeated bending required to perform his job.
Likewise, the WCAB was free to refuse to rely on
Gapinski's speculation that she may have been
made dizzy from fumes emanating from her ma-
chine or that her work station and conditions
constituted substantial employment contribution
to the injury.

This Court will, however, reverse where the

WCAB has operated within the wrong legal framework or has employed incorrect legal standards in reaching its decision. *Koschay v Barnett Pontiac, Inc,* 386 Mich 223; 191 NW2d 334 (1971); *Schaefer v Williamston Community Schools,* 117 Mich App 26; 323 NW2d 577 (1982). Both plaintiffs claim that the employer has the burden of proving that the fall is idiopathic where the plaintiff establishes that the injury arises out of an employment setting characterized as a positional or neutral risk. They rely principally on the case of *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783 (1970), in support of this proposition. In *Whetro,* plaintiff was injured when a tornado destroyed the residence in which he was working for his employer. The Supreme Court affirmed the award of benefits, holding that Michigan law did not require the establishment of a proximately causal connection between the employment and the injury.

McClain argues that the requisite causal connection is shown by the chronological sequence in which his injuries occurred. As an alternative, McClain argues that his case involves a neutral risk, and thus is compensable under *Whetro* because the employment was the occasion of the injury.

Gapinski argues that, under *Whetro,* a prima facie case of compensability is made out when the following elements are established by the plaintiff's proofs: (1) that the plaintiff sustained a personal injury; (2) that the employment was the occasion of that personal injury; and (3) that the plaintiff is disabled as a result of that personal injury. The positional or neutral risk doctrine relied on by plaintiffs is discussed by Professor Larson as follows:

"An increasing number of courts are beginning to

make awards whenever the injury occurred because the employment required the claimant to occupy what turned out to be a place of danger. A few frankly state that causal connection is sufficiently established whenever it brings claimant to the position where he is injured. Unexplained falls and deaths occurring in the course of employment are generally held compensable, sometimes on the strength of a presumption, either judicial or statutory, that injury or death occurring in the course of employment also arises out of the employment in the absence of evidence to the contrary." 1 Larson, Workmens' Compensation Law, § 10.00.

We are not persuaded that Michigan has adopted a rule requiring compensation to be paid simply because the injury occurred at the workplace, where the nature of the cause is unknown. The *Whetro* Court ruled that compensation should be paid if the employment is the occasion of the injury, even though not the proximate cause. This does not mean, however, that all "neutral risk" injuries are necessarily compensable.

Professor Larson indicates that risks are classified as neutral for one of two reasons: (1) the nature of the risk may be known, but may be associated neither with the employment nor the employee personally; (2) the nature of the cause of harm may be simply unknown, such as an unexplained fall in the course of employment. Larson, *supra,* § 10.30. The tornado-caused injury in *Whetro* falls in the first category and is thus compensable, but there is no decision allowing compensation for injuries falling in the second category.

In *Ledbetter,* the Court affirmed the denial of benefits to the widow of a worker who collapsed at work and fell to the concrete floor, suffering a fractured skull and massive acute subdural hematoma. In reaching that decision, the Court stated as follows:

"We do not believe the sole fact that the decedent's fall occurred on the employer's premises justifies an award of dependency benefits to his widow." 74 Mich App 334.

"In personal risk cases, including idiopathic fall situations, the sole fact that the injury occurred on the employer's premises does not supply enough of a connection between the employment and the injury. Unless some showing can be made that the location of the fall aggravated or increased the injury, compensation benefits should be denied." 74 Mich App 335-336.

McClain argues that *Ledbetter* is distinguishable because it involved a personal risk situation as opposed to the claimed neutral risk presented here. Gapinski claims that the factual background in her case prohibits the application of *Ledbetter* because her work environment increased the risk of her injury.

As noted above, findings of fact by the WCAB shall not be set aside if they are supported by evidence on the record. The claims of the plaintiffs regarding the facts and circumstances surrounding their falls were presented to the WCAB. The WCAB found contrary to the plaintiffs' assertions, and we shall not alter those findings of fact because the record in each case supports the findings made by the WCAB.

It is also important to note that the Legislature has created a statutory presumption that certain injuries can arise "in the course of" one's employment. MCL 418.301(3); MSA 17.237(301)(3). There is no corresponding statutory presumption for the "arising out of" requirements of the statute. We are not prepared to conclude that the occurrence of an injury on the employer's premises in the course of employment establishes a prima facie showing that the injury arose out of the employ-

ment, thus changing the burden of going forward with the evidence to the defendant.

In our opinion, the WCAB properly applied the legal standard requiring proof of work-relatedness by a preponderance of the evidence. We do not find that the WCAB erred by failing to devise a more specific standard relating to idiopathic falls. Plaintiffs' arguments for compensation for injuries of unknown causal relationship to their employment have merit, but are not a recognized theory in this state.

Affirmed.

M. J. KELLY, P.J. *(dissenting)*. I respectfully dissent.

While I accept the WCAB's factual findings and conclude that in both cases plaintiffs experienced dizziness or faintness prior to falling, I subscribe to the minority legal position regarding compensation of injuries sustained in idiopathic falls at work. I would hold that plaintiffs may be compensated for any injuries directly attributable to the fall itself though not for the underlying condition which caused the fall.

As noted by the majority in this case, "unexplained falls" at work which are caused by some neutral origin of mishap are compensable under the workers' compensation laws of most states. Larson, Workmen's Compensation Law, § 12.12. Where, however, the fall is idiopathic or caused by some condition personal to the claimant, rules governing compensation vary from state to state. If the employment increases the dangerous effects of the fall, most states will grant compensation. Larson, § 12.11. Where, as here, the injury is sustained as the result of an idiopathic fall to the level ground, a split of authority has developed on whether compensation is appropriate. The majority view is that unless the plaintiff comes forth

with proofs establishing that the condition which caused the fall is work-related, compensation is not available. This view has been followed in the only other Michigan appellate decision addressing compensation for idiopathic falls. See *Ledbetter v Michigan Carton Co*, 74 Mich App 330; 253 NW2d 753 (1977).

I prefer the position taken in *Guidry v Serigny*, 378 So 2d 938 (La, 1980). In that case, evidence was introduced to establish that plaintiff fell either because she fainted, experienced a heart attack or slipped on a freshly waxed floor. Compensation was initially denied because plaintiff had failed to establish a causal relationship between her employment and the cause of her fall. The Louisiana Supreme Court reversed, holding that where a fainting spell, heart attack or slip causes an employee to fall, injuries resulting from the fall, though not the underlying condition, are compensable. The Court reasoned that since the Louisiana worker's compensation statute applies where the "employee * * * receives personal injury by accident arising out of and in the course of his employment", La R S 23:1031, the critical inquiry is whether the fall occurred in the course of employment rather than whether the underlying cause of the fall was related to employment.

I would adopt a similar analysis in Michigan. I would inquire whether the fall arose out of and in the course of employment rather than whether the underlying cause of the fall was work-related. MCL 418.301; MSA 17.237(301). Since in these cases plaintiffs' falls occurred in the course of employment, I find it unnecessary to consider whether the underlying causes of the falls were work-related and I would instead remand for hearings to determine damages suffered as a result of the falls.