671 N.W.2d 41 (2003)
Patricia THOMASON, Plaintiff-Appellee,
v.
CONTOUR FABRICATORS, INC., and St. Paul Property & Casualty Insurance Company, Defendants-Appellants, and
Select Office Systems and Accident Fund Insurance Company of America, Defendants-Appellees.
Docket No. 123239 & (36)(37), COA No. 241035.
Supreme Court of Michigan.
November 17, 2003.
*42 On order of the Court, the motions for leave to file briefs amicus curiae are GRANTED. The application for leave to appeal the judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we MODIFY the Court of Appeals judgment. M.C.L. § 418.301(1) provides that an employee who receives a personal injury "arising out of and in the course of employment" is entitled to compensation as provided in the Worker's Disability Compensation Act. M.C.L. § 418.301(3) creates a presumption that an employee is "in the course of" employment while the employee is on the premises where the employee's work is to be performed. The Court of Appeals opinion blurred the distinction between the "in the course of" and "arising out of" employment tests. The presumption created by M.C.L. § 418.301(3) does not apply to the question whether the injury "arose out of" employment. Nevertheless, on the facts of this case, we agree with the Court of Appeals that the plaintiff's injury both was suffered in the course of her employment and arose out of her employment. However, the Court of Appeals erred in remanding the case to the Worker's Compensation Appellate Commission for reinstatement of benefits awarded by the magistrate. When the Commission disposed of the case by determining that the injury did not arise out of the plaintiff's employment, it expressly stated that it was not considering the defendants' remaining argument. Therefore, we REMAND the case to the Worker's Compensation Appellate Commission for consideration of the remaining issue raised by defendants.
We do not retain jurisdiction.