RUTHRUFF v TOWER HOLDING CORPORATION
(ON RECONSIDERATION)

Docket No. 246935. Submitted February 10, 2004, at Lansing. Decided April 22, 2004, at 9:10 A.M.

Jimmy D. Ruthruff sought worker's compensation benefits from his employer, Tower Holding Corporation, for a back injury sustained in Tower's parking lot as he was getting out of his vehicle and reaching for a lunch pail to go to work. Tower provided light duty work to Ruthruff but later terminated that light duty work because it determined that plaintiff's injury was not work-related and not covered by worker's compensation. Ruthruff commenced proceedings in the Bureau of Worker's Disability Compensation and argued that he was entitled to the presumption of work-related injury found in MCL 418.301(3). A magistrate, however, decided that the presumption did not apply because plaintiff was not going to or coming from work and that plaintiff's injury neither arose out of nor was in the course of employment because his employment did not cause or aggravate an injury or increase the risk of an injury. The Worker's Compensation Appellate Commission (WCAC) affirmed the magistrate's decision, but did not address whether to apply the presumption and, instead, determined that it could not be said that plaintiff's employment either aggravated or accelerated the harm when plaintiff reached for his lunch pail. Plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. The WCAC incorrectly applied the law when it refused to apply the statutory presumption set forth in MCL 418.301(3). The statute creates a presumption that an employee is "in the course of employment" while the employee is on the premises where the employee's work is to be performed. Plaintiff was entitled to this presumption because the undisputed facts established that plaintiff's injury occurred while he was on the defendant's premises and just as plaintiff prepared to walk from his vehicle to defendant's facility to begin work.

2. A remand is necessary for a determination whether the plaintiff's injury arose out of employment. An injury arises out of employment if some causal connection exists between a work-

related event and the injury. The WCAC's determination that the connection was absent was predicated on an application of *Ledbetter v Michigan Carton Co*, 74 Mich App 330 (1977). *Ledbetter* and its progeny are classified as personal risk cases because the origin or causal connection between the work-related event and the injury was personal to the employee. Moreover, in those cases there was no basis upon which to assign loss to the employment where there was no affirmative employment contribution to the risk of injury or aggravation of injury to offset the prima facie showing of personal origin. Here, the WCAC erred when it applied the principles in *Ledbetter* to deny plaintiff benefits. The practice of bringing lunch in a pail may not have been entirely a personal activity of the plaintiff because often it is a necessary feature of employment. Therefore, there was a possibility that the risk to plaintiff was not a personal one, but, rather, an employment risk. However, the record did not contain evidence establishing whether plaintiff was required to bring a lunch.

Reversed and remanded for further proceedings.

*Farr Oosterhouse & Krissoff* (by *Kenneth R. Oosterhouse*) for the plaintiff.

*Smith Haughey Rice & Roegge, P.C.* (by *Lance R. Mather*), for the defendants.

Before: HOEKSTRA, P.J., and FITZGERALD and TALBOT, JJ.

PER CURIAM. Plaintiff Jimmy D. Ruthruff appeals by leave granted a February 3, 2003, order of the Worker's Compensation Appellate Commission (WCAC) affirming a magisrate's decision to deny benefits on the ground that plaintiff failed to establish a compensable back injury. We reverse and remand for further proceedings.

I

On February 26, 2001, while employed by defendant Tower Holding Corporation as a welder, plaintiff parked his vehicle in Tower's parking lot. He then opened the

vehicle's door, put one leg out of the door, placed his foot on the ground, and turned to the right to pick up his "dinner pail." As he twisted back towards the open door, he felt a snap in his back. Pain immediately ran down his left leg and up his back. Plaintiff sat in the vehicle for several minutes before going into Tower's facility and preparing to begin work, even though his back continued to hurt. Plaintiff was unable to complete his shift due to back pain and stiffness and was sent home. In May 2001 an MRI (magnetic resonance imaging) revealed a herniated disc at the L4-5 area and a bulging disc at the L5-S1 area. Plaintiff returned to work without restrictions on July 27, 2001. Shortly after beginning work, he found himself unable to straighten up and he experienced pain radiating up his back and down his leg. Defendant Tower assigned plaintiff to light duty work. Plaintiff performed light duty work from July 27 until his last day of work with Tower on August 27, 2001, when Tower informed plaintiff that there was no light duty work available because his injury was not work-related and, therefore, not covered by worker's compensation.

Plaintiff commenced the instant worker's compensation proceeding and argued that he was entitled to the presumption found in MCL 418.301(3). The magistrate disagreed, and refused to apply the presumption after finding that the instant case was not a "going to and coming from work" case within the meaning of MCL 418.301(3). The magistrate further found that plaintiff's injury failed to arise out of and in the course of employment because the circumstances of his employment neither caused nor aggravated an injury, nor increased the risk of injury. The WCAC affirmed without addressing whether the presumption found in MCL 418.301(3) applied. Instead, the WCAC determined that plaintiff failed to show that his injuries arose out of and

in the course of employment where "it cannot be said that plaintiff's employment either aggravated or accelerated the harm when he reached for his lunch pail."

## II

Our review in worker's compensation cases is limited to questions of law. Findings of fact made or adopted by the WCAC are conclusive on appeal, absent fraud, if there is any competent evidence in the record to support them. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 706, 709-710, 726; 614 NW2d 607 (2000); *Layman v Newkirk Electric Assoc, Inc*, 458 Mich 494, 498; 581 NW2d 244 (1998), overruled in part on other grounds, *Mudel, supra* at 697, 713-714. We do not weigh or balance the evidence, but instead merely determine whether "any evidence" exists to support the WCAC's decision. *Mudel, supra* at 727. A decision of the WCAC is subject to reversal if the commission operated within the wrong legal framework, or if the decision was based on erroneous legal reasoning. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401-402; 605 NW2d 300 (2000).

## III

An employee is entitled to receive worker's compensation benefits for personal injury arising out of and in the course of employment by an employer who is subject to the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*; MCL 418.301(1). As a general rule, an employee who suffers injury while going to or coming from work cannot receive worker's compensation benefits. *Simkins v Gen Motors Corp (After Remand)*, 453 Mich 703, 712; 556 NW2d 839 (1996). The coming-and-going provision of the WDCA creates an exception to the general rule, however:

> An employee going to or from his or her work, while on
> the premises where the employee's work is to be per-
> formed, and within a reasonable time before and after his
> or her working hours, is presumed to be in the course of his
> or her employment. Notwithstanding this presumption, an
> injury incurred in the pursuit of an activity the major
> purpose of which is social or recreational is not covered
> under this act. Any cause of action brought for such an
> injury is not subject to section 131. [MCL 418.301(3).]

This statutory provision "creates a presumption that
the employee is 'in the course of' employment while the
employee is on the premises where the employee's work
is to be performed." *Thomason v Contour Fabricators,
Inc*, 469 Mich 953; 671 NW2d 41 (2003).

Plaintiff argues that the circumstances of his injury
fall within the ambit of the coming-and-going provision
and, therefore, that the WCAC incorrectly applied the law
when the commission refused to apply the statutory
presumption in this case. We agree. The undisputed facts
establish that plaintiff suffered his back injury in the
parking lot of defendant employer as he was alighting
from his vehicle, which was parked on defendant employ-
er's premises, and preparing to walk from his vehicle to
defendant employer's facility to begin his shift. Such
factual circumstances fall comfortably within the ambit
of the statute. Accordingly, plaintiff was entitled to the
presumption. The WCAC erred as a matter of law when it
failed to accord plaintiff the presumption to which he
was entitled. The WCAC also erred as a matter of law when
it blurred the distinction between the "in the course of"
and the "arising out of" tests and treated them as one
test. *Thomason, supra* at 953.

IV

Defendant employer argues that, irrespective of
these errors, a remand is unnecessary because the WCAC

correctly determined that plaintiff's injury was not one "arising out of" employment. Whether plaintiff's injury arises out of employment is a question of law that may be determined by this Court. *Thomason, supra* at 953; *Forgach v George Kock & Sons Co,* 167 Mich App 50, 59; 421 NW2d 568 (1988).

Not every injury that occurs in the course of a plaintiff's employment or on an employer's premises is an injury that arises out of employment. *Hill v Faircloth Mfg Co,* 245 Mich App 710, 717; 630 NW2d 640 (2001). Indeed, an injury is not one "arising out of" employment unless some causal relationship exists between a work-related event and the disabling injury. *Whetro v Awkerman,* 383 Mich 235, 242-243; 174 NW2d 783 (1970); Welch, Worker's Compensation in Michigan: Law & Practice (4th ed, 2001), § 4.1, p 4-1; 1 Larson, Workers' Compensation Law, § 3.01, p 3-3. The WCAC found this causal connection absent in this case after characterizing plaintiff's injury as resulting from a risk predominantly personal to plaintiff that he imported to his employer's premises and that was not increased by the circumstances of that employment. This determination that plaintiff's injury was not one "arising out of" employment is predicated on an application of this Court's decision in *Ledbetter v Michigan Carton Co,* 74 Mich App 330; 253 NW2d 753 (1977).

In *Ledbetter,* the employee suffered a seizure and fell, striking his head on his employer's concrete floor. He died a week later as a result of his injuries. *Id.* at 332. The issue raised before this Court was whether injuries resulting from an idiopathic fall[1] onto an employer's level floor are compensable under the WDCA. *Id.* at

---

[1] This Court defined an idiopathic fall as "one resulting from some disease or infirmity that is strictly personal to the employee and unrelated to his employment." *Ledbetter, supra,* p 333.

332-333. This Court recognized the general rule that an injury did not arise out of employment where the predominant cause of the harm was attributable to personal factors and the circumstances of the employment did not significantly add to the risk of harm:

> In personal risk cases, including idiopathic fall situations, the sole fact that the injury occurred on the employer's premises does not supply enough of a connection between the employment and the injury. Unless some showing can be made that the location of the fall aggravated or increased the injury, compensation benefits should be denied.

> The policy justification for this line of analysis in personal risk cases has been adequately expressed by Professor Larson:

> "It should be stressed that this requirement of some employment contribution to the risk in idiopathic-fall injuries is a quite different matter from the requirement of increased risk in, say, lightning cases. The idiopathic-fall cases begin as personal-risk cases. There is therefore ample reason to assign the resulting loss to the employee personally. The lightning cases begin as neutral-risk cases. There is therefore no reason whatever to assign the resulting loss to the employee personally. To shift the loss in the idiopathic-fall cases to the employment, then, it is reasonable to require a showing of at least some substantial employment contribution to the harm. But in neutral-risk cases, the question is not one of shifting the loss away from a prima facie assignment to the employee at all, since there has never been ground for any such assignment; all that is needed to tip the scales in the direction of employment connection, under the positional-risk theory, is the fact that the employment brought the employee to the place at the time he was injured—an extremely lightweight casual factor, but enough to tip scales that are otherwise perfectly evenly balanced." Larson, Workmen's Compensation Law, *supra* at 3-220-3-221.

> While this Court firmly believes in the principle that employers should be responsible for work-related injuries of their employees, we do not feel that such responsibility

should be stretched to include injuries predominantly personal to the employee. [*Ledbetter, supra* at 334-336.]

The Court then upheld the denial of dependency benefits because factors strictly personal to the plaintiff caused his fall and the circumstances of his employment did not contribute to his injuries. *Id.* at 336-337.

This Court has applied the principles announced in *Ledbetter* in three subsequent cases: *McClain v Chrysler Corp*, 138 Mich App 723; 360 NW2d 284 (1984) (head injuries sustained after fainting at work and falling to the floor were not shown to be work-related); *DeVault v Gen Motors Corp, Pontiac Motors Div*, 149 Mich App 765; 386 NW2d 671 (1986) (head injury sustained when the plaintiff fell and struck his head on the employer's floor after being punched in the jaw by a fellow employee was not an injury arising out of employment where the employer's concrete floor failed to aggravate the severity of the injuries and the employees' purely personal hostility was imported into the workplace); and *Hill, supra* at 710 (disabling or aggravated injuries sustained in work-related vehicle accidents, which were caused by diabetic seizures, were injuries arising out of employment where driving vehicles for the employers increased the level of risk involved in diabetic seizures and loss of consciousness).

*Ledbetter* and its progeny are classified as cases that begin as personal risk cases. They are personal risk cases because the origin or central causal factor of the mishap is admittedly personal. Where the mishap is personal in origin, there is ample reason to assign the resulting loss to the employee personally. Larson, Workers' Compensation Law § 4.02, p 4-2; § 9.01(1), pp 9-2-9-3; § 9.01(4)(b), pp 9-7-9-8; § 9.03, p 9-22.1. To demonstrate that an injury is one arising out of employment and, hence, to shift the loss to employment, the

employee must show some affirmative employment contribution to offset the prima facie showing of personal origin. Larson, § 9.01(1), p 9-3; § 9.01(4)(b), pp 9-7-9-9; § 9.01(4)(c), p 9-10. Stated another way, injuries arising out of risks or conditions personal to the claimant do not arise out of employment unless the employment contributes to the risk of, or aggravates, the injury. *Hill, supra* at 717-721; Larson, § 9.01(1), p 9-2; Welch, § 4.16, p 4-14, p 4-19 (2003 supp). "[T]he relative contributions of employment and personal causes are not weighed; the employment factor need not be the greater, but it must be real, not fictitious." Larson, § 9.01(4)(b), p 9-9.

Defendant employer asserts that the risk presented in this case was clearly a personal one. If defendant is correct in its characterization of the risk presented, then the WCAC correctly determined that an application of the principles announced in *Ledbetter* barred benefits.

Professor Larson supplies some insight into the nature of the risk presented in this case in his treatise, when he observed: ·

> The consumption of food, like many other activities grouped together in the personal-comfort category, is a reasonable and sometimes necessary incident of the employment. The practice of bringing lunch in a pail is therefore not entirely a personal activity of the employee, but is often a necessary feature of the employment. [Larson, § 9.03(3), p 9-28.]

This scholarly observation leads us to conclude that there is a possibility that the risk present here was not a personal one and, therefore, that the WCAC erred in applying *Ledbetter* to deny benefits. However, the record is insufficient to conclusively decide this issue because there was no evidence in the instant record

regarding the need of plaintiff to bring a lunch to work. If plaintiff was not required to bring a lunch, then the risk was of a personal nature and the WCAC did not err in applying *Ledbetter* to bar an award of benefits. Conversely, if plaintiff was required to bring a lunch, then this case might be considered a neutral risk case, i.e., a case that involves neither risks of a distinctly employment character nor of a distinctly personal character. Larson, § 4.03, p 4-2. "In neutral risk cases, . . . the connection is supplied by the fact that the injury occurs on the premises of the employer . . . *and* that the employment itself required the employee to be at that location where the exposure to the risk occurred." *Ledbetter, supra* at 335 (emphasis in original). This case might also be viewed as a mixed risk case, i.e., one where the personal cause and an employment cause combine to produce the harm. Larson, § 4.04. If this is a mixed risk case, then compensability exists if the employment was a contributing factor to the injury:

> [t]he law does not weigh the relative importance of the two causes, nor does it look for primary and secondary causes; it merely inquires whether the employment was a contributing factor. If it was, the concurrence of the personal cause will not defeat compensability. [Larson, § 4.04, p 4-3.]

In light of the foregoing, we reverse the decision of the WCAC and remand this matter for an application of the statutory presumption and a determination of whether plaintiff's injury arises out of his employment. Plaintiff shall be allowed to reopen the record and both parties shall be permitted to present evidence that will allow a determination of the exact nature of the risk involved in this case. The magistrate shall determine the nature of the risk present in light of the evidence

and apply the appropriate test for determining whether plaintiff's injury is one arising out of employment.

Reversed and remanded. We do not retain jurisdiction.