# STATE OF MICHIGAN

# COURT OF APPEALS

RAYMOND C. ATWOOD, IV,

Plaintiff-Appellant,

v

CON WAY FREIGHT INCORPORATED and
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

Defendants-Appellees.

UNPUBLISHED
January 20, 2015

No. 318556
MCAC
LC No. 12-000085

Before: TALBOT, C.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals by leave granted an order of the Michigan Compensation Appellate Commission (MCAC) reversing the magistrate's decision which granted plaintiff workers' compensation benefits. We affirm.

Plaintiff slipped and fell in a men's restroom while at work in defendant's building. Plaintiff testified that he slipped, fell to the floor, struck his head, and was knocked unconscious. When asked how he slipped or what caused him to slip, plaintiff testified that he was unsure, but believed the floor was wet. Plaintiff explained that "[i]nitially it was just a slip," but as he placed his hand on the marble sink to steady himself, "there was water that was on the marble sink and thus I couldn't grab a hold." He speculated that "if that water was on the sink I imagine the water was on the floor." Jay Mason, who also worked in the building, found plaintiff lying unconscious on the floor. Mason testified that he was curious as to what may have happened to plaintiff so he looked around to see if there was anything plaintiff may have tripped or slipped on, but he did not see anything. Tim Reinert, one of defendant's managers, testified that when he heard someone was down in the bathroom, he went and found plaintiff on the floor. Reinert knelt down next to plaintiff and observed that "[t]he bathroom looked normal. I mean it wasn't anything out of the ordinary I saw, just typical men's room in the wee hours of the morning." Reinert did not see or feel any foreign substance on the floor.

The magistrate concluded that "plaintiff's injury did occur out of and in the course of his employment" and granted him an open award of benefits. The magistrate noted that in *Ledbetter v Mich Carton Co*, 74 Mich App 330; 253 NW2d 753 (1977), an employee with a seizure disorder fell on a level floor and this Court characterized the fall as an "idiopathic fall" caused by

-1-

some "disease or infirmity that is strictly personal to the employee." In this case, the magistrate concluded, there was no evidence that plaintiff suffered from any disease or infirmity that might have led to his fall in the restroom, i.e., this was not a "personal risk" case. The magistrate found plaintiff to be a credible witness and the history plaintiff gave to his medical providers suggested that he slipped on water, which was "a plausible explanation for his slip and fall." Accordingly, the magistrate concluded that "plaintiff has sustained his burden of proving a fall that occurred out of and in the course of his employment."

Defendant appealed and the MCAC reversed the magistrate's order. The MCAC rejected the magistrate's finding that plaintiff slipped on a wet floor, holding that such finding was not supported by any evidence. That it was a "plausible explanation" was insufficient because "plausibility is not equivalent to proof by the preponderance of the evidence as required by *Aquilina v General Motors Corporation*, 403 Mich 206[; 267 NW2d 923] (1978)." The MCAC also rejected the magistrate's interpretation of *Ledbetter*, holding: "We do not believe that such a 'disease or infirmity' is necessary to find a fall idiopathic." Thus, "the magistrate's interpretation of *Ledbetter* and its progeny, implying that it was defendant's burden to prove that there was no increased risk as a result of the employment is incorrect as a matter of law." The MCAC noted that the plaintiff "always has the initial burden of proof of showing that the work increases the risk of injury and, failing that proof, the injury is not compensable." Accordingly, the MCAC reversed the magistrate's decision and this appeal followed.

Plaintiff argues that his injury did not result from an "idiopathic fall" as set forth in *Ledbetter*, 74 Mich App 330, because neither a preexisting disease nor infirmity led to his fall; therefore, the decision of the MCAC must be reversed. We disagree.

In the absence of fraud, this Court must treat findings of fact made by the MCAC acting within its powers as conclusive if there is "any competent evidence" to support them. MCL 418.861a(14); *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 700-701; 614 NW2d 607 (2000). We do not independently review the question whether the magistrate's findings of fact are supported by substantial evidence. *Id.* at 698. However, we review de novo questions of law involved in any final order of the MCAC. *Boardman v Dep't of State Police*, 243 Mich App 351, 356; 622 NW2d 97 (2000). A decision of the MCAC may be reversed if it is based on erroneous legal reasoning or the wrong legal framework. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401-402; 605 NW2d 300 (2000).

"An employee is entitled to receive worker's compensation benefits for personal injury arising out of and in the course of employment by an employer who is subject to the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*; MCL 418.301(1)." *Ruthoff v Tower Holding (On Reconsideration)*, 261 Mich App 613, 616; 684 NW2d 888 (2004). For an injury to "arise out of employment" there must be some causal relationship between a work-related event and the disabling injury. *Id.* at 618, citing *Whetro v Awkerman*, 383 Mich 235, 242-243; 174 NW2d 783 (1970). An injury generally does not "arise out of employment where the predominant cause of the harm was attributable to personal factors and the circumstances of the employment did not significantly add to the risk of harm[.]" *Ruthoff*, 261 Mich App at 619. As we explained in *Ledbetter*, in such "personal risk cases, including idiopathic fall situations, the sole fact that the injury occurred on the employer's premises does not supply enough of a connection between the employment and the injury. Unless some showing can be made that the

-2-

location of the fall aggravated or increased the injury, compensation benefits should be denied." *Ledbetter*, 74 Mich App at 335-336.

Plaintiff argues here that this is not a "personal risk case" because he did not suffer from a preexisting disease or infirmity that might have led to his fall. But, as the MCAC held, plaintiff did not establish *what*, in fact, caused his fall. Plaintiff did not establish the "cause of harm," *Ruthoff*, 261 Mich App at 619, or that he confronted any actual risk in his employer's restroom that led to his level-floor fall and resultant injury. Plaintiff had the burden of proving causation by a preponderance of the evidence, i.e., a relationship between his injury and the workplace. See *McClain v Chrysler Corp*, 138 Mich App 723, 727-728; 360 NW2d 284 (1984) (citation omitted). As plaintiff notes, to establish that an injury actually "arises out of employment" when a causal factor of a mishap at work is personal—like when a plaintiff has a preexisting medical condition—the plaintiff "must show some affirmative employment contribution to offset the prima facie showing of personal origin." *Ruthruff*, 261 Mich App at 620-621. However, contrary to plaintiff's claim, even when the plaintiff has no preexisting condition that acts as a causal factor of a work mishap, the plaintiff is not relieved of his burden of establishing causation by a preponderance of the evidence. Again, every injury that occurs on an employer's premises does not necessarily "arise out of employment." *Hill v Faircloth Mfg Co*, 245 Mich App 710, 717; 630 NW2d 640 (2001). A plaintiff must establish "some causal relationship exists between a work-related event and the disabling injury." *Ruthruff*, 261 Mich App at 618. And in this case, plaintiff did not establish that his employment brought him into contact with a risk that in fact caused his injury, i.e., that he suffered a "work-connected injury"[1] or an injury as a consequence of his employment. Plaintiff fell on a level floor and the cause of his fall was unknown; thus, we affirm the holding of the MCAC.

Next, plaintiff argues that the MCAC erred in failing to consider that the wet countertop contributed to his injury and the reasonable inference to be drawn—that the wet countertop likely led to a wet floor. Instead, the MCAC found that there was no clear evidence as to why or how plaintiff fell, including no evidence that the floor was wet. But these findings are supported by the record evidence. Both Reinert and Mason testified that they could not find any cause for plaintiff's fall. And when asked what caused him to fall, plaintiff testified, "I'm unsure." He further explained, "if that water was on the sink I imagine the water was on the floor." Because the MCAC's findings are supported by the testimony and there is no evidence of fraud, these findings are conclusive. See *Mudel*, 462 Mich at 700-701.

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh

---

[1] See *Whetro*, 383 Mich at 242-243.