## BRADY v CLARK EQUIPMENT COMPANY

1. Workmen's Compensation—Compensability of Injury—Fight Between Employees—Working Environment—Test.

   The test in a workmen's compensation case for determining the compensability of an injury which resulted from a fight between two employees of a defendant employer is whether the working environment exacerbated an altercation which originated as a purely private matter; whether the subject of the argument between a plaintiff and a fellow employee was employment related is not relevant to the question of compensability.

2. Workmen's Compensation—Fight Between Employees—Course of Employment—Out of Claimant's Employment.

   A plaintiff's injury caused by a fight with a fellow employee at their place of employment during working hours occurred in the course of the plaintiff's employment and thereby arose out of the plaintiff's employment as a matter of law unless it can be shown that the plaintiff received his injury while perpetrating a malicious assault of such gross and reprehensible nature as to constitute intentional and wilful misconduct.

Appeal from the Workmen's Compensation Appeal Board. Submitted October 7, 1976, at Grand Rapids. (Docket No. 27470.) Decided November 9, 1976. Leave to appeal applied for.

Claim by James Brady against Clark Equipment Company and Liberty Mutual Insurance Company for workmen's compensation. An order awarding compensation was reversed by the Workmen's Compensation Appeal Board. Plaintiff appeals by

References for Points in Headnotes

[1, 2] 82 Am Jur 2d, Workmen's Compensation §§ 330, 331.

Workmen's Compensation: injury from assault. 112 ALR 1258.

leave granted. Reversed and remanded for reinstatement of the referee's award.

*Keller, Keller & Creager,* for plaintiff.

*Lilly, Piatt, Doyle & Kragt,* for defendants.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

T. M. BURNS, J. Plaintiff appeals by leave granted from the February 4, 1976, decision of the Workmen's Compensation Appeal Board (two members dissenting) reversing the decision of the hearing referee and denying plaintiff benefits for his April 25, 1972, injury.

Plaintiff's injuries resulted from an altercation involving plaintiff, his friend and co-worker Jerry Flint, and another co-employee, John Johnson, all of whom were employed by Clark Equipment Company (hereinafter defendant).

In April, 1972, plaintiff received a loan from a loan company to purchase a camera outfit. Jerry Flint's wife was employed by the loan company and she revealed to her husband the circumstances of plaintiff's loan. Jerry Flint spread the word among fellow employees at the Clark Equipment Company plant about plaintiff's loan, apparently doing so in a derisive manner, which resulted in plaintiff becoming an object of ridicule among his co-workers. On April 25, 1972, while at work, plaintiff learned of Flint's actions from John Johnson, who had previously been the victim of a similar impropriety on the part of Mr. and Mrs. Flint. Angered by these revelations Johnson and the plaintiff sought out Flint in the plant during working hours and confronted him with their accusations. An argument between the men en-

sued, which degenerated into a pushing match. No one could remember who assaulted whom first, but ultimately the plaintiff fell to the ground and suffered a serious skull fracture. Plaintiff returned to work at Clark Equipment on December 11, 1972.

Plaintiff claimed workmen's compensation benefits and was given an award for medical expenses. On defendant's appeal of the award the WCAB reversed the hearing examiner. The majority of the WCAB held that plaintiff's injury arose "in the course of but not out of the employment", reasoning that injuries arising from purely personal nonwork-related disputes are noncompensable as there is no causal connection between the injured party's employment or working conditions and the injury. (Citing *Crilly v Ballou,* 353 Mich 303; 91 NW2d 493 (1958), and *Hartford Accident & Indemnity Co v Cardillo,* 112 F2d 11; 72 US App DC 52 [1940]). The two dissenting members of the WCAB found that plaintiff's injuries were compensable as they resulted from a fight which arose out of events occurring in the course of the employment.

We agree with the WCAB minority opinion and reverse.

The WCAB majority misapplied the standards of *Crilly v Ballou, supra,* which both parties to this appeal rely upon. Whether the subject of the argument between the plaintiff and his fellow employee was employment related is not relevant to the question of compensability. The test is whether the working environment exacerbated the altercation which originated as a purely private matter. The catalyst of the dispute was Flint's broadcasting of plaintiff's financial affairs around the plant. Since plaintiff's injury occurred in the course of his employment, the injury arose out of

the employment as a matter of law, unless it can be shown that plaintiff received his injury while perpetrating a malicious assault "of such gross and reprehensible nature as to constitute intentional and wilful misconduct". *Crilly v Ballou, supra,* at 327. There is no proof that plaintiff was the aggressor, and any inference that he was guilty of misconduct is weakened by the fact that he was not discharged by the defendant. It clearly has not been established that plaintiff's actions bring this case within the sole exception to the *Crilly* rule.

Reversed and remanded to the Workmen's Compensation Commission for reinstatement of the referee's award. Costs of this appeal are hereby granted to the plaintiff.