MacDONALD v MICHIGAN BELL TELEPHONE COMPANY

Docket No. 72864. Submitted December 22, 1983, at Detroit.—Decided
March 6, 1984. Leave to appeal applied for.

　　Joan MacDonald injured her back when she fell in the parking
　　lot of her employer, Michigan Bell Telephone Company. When
　　the injury occurred, approximately 30 minutes after the end of
　　her work day, MacDonald had left the premises and driven to a
　　store to do shopping and had returned to her employer's
　　parking lot to retrieve a key which she believed she had lost
　　there. The Workers' Compensation Appeal Board awarded ben-
　　efits for the injury, finding that MacDonald came within the
　　statutory presumption that an employee, injured while going to
　　or from his employment, while on the employer's premises,
　　within a reasonable time before or after the employee's work-
　　ing hours, is thereby injured in the course of his employment.
　　Defendant Michigan Bell sought leave to appeal to the Court of
　　Appeals, which denied leave. Upon application to the Supreme
　　Court, that Court, in lieu of granting leave to appeal, remanded
　　to the Court of Appeals for consideration as on leave granted,
　　417 Mich 1065 (1983). *Held:*

　　　The evidence is not competent to support the WCAB's finding
　　that the statutory presumption applies. Plaintiff was not going
　　to or from work then the injury occurred; rather, she had
　　already left work and begun personal activities, not related to
　　work, prior to the injury. Further, the defendant derived no
　　special benefit from the plaintiff's activities at the time of
　　injury, and the injury was not related to any special circum-
　　stance incident to the employment relationship. Therefore, the
　　injury did not occur in the course of plaintiff's employment.

　　　Reversed.

WORKERS' COMPENSATION — COMPENSABLE INJURY — COURSE OF EM-
　　PLOYMENT.

　　An injury occurring to an employee on the employer's premises is
　　not per se compensable; rather, a compensable injury is one
　　that arises out of and in the course of employment, that is, as a

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation §§ 240, 241.

circumstance of or incident to the employment relationship, and which results from the work itself or from the stresses, the tensions, and the associations of the working environment, both human and material.

*Bockoff & Zamber, P.C.* (by *Daryl Royal),* for plaintiff.

*Lacey & Jones* (by *Stephen Jay Schwartz),* for defendant.

Before: GRIBBS, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Defendant appeals the decision of the Workers' Compensation Appeal Board (WCAB), awarding benefits to plaintiff. The case is before us by order of the Supreme Court, which remanded to the Court of Appeals in lieu of granting leave to appeal, 417 Mich 1065 (1983).

The undisputed facts in this case are contained in the WCAB opinion as follows:

"On June 11, 1976, plaintiff, an operator for defendant telephone company, finished her work for the day at defendant's Plymouth office and proceeded immediately to her car. While in the company parking lot, which was located on defendant's premises, she dropped her car keys. Thinking that she had retrieved them all, plaintiff got into her car and drove directly to a K Mart store located 1-1/2 to 2 miles from her office. After spending no more than ten minutes in that store, she returned to her car and attempted to place her purchase in the trunk. Having discovered that her trunk key was missing, she immediately returned to defendant's parking lot to look for the key. While searching in the parking area, plaintiff slipped on loose gravel and fell, injuring her back. This incident, occurring within approximately 30 minutes of the cessation of plaintiff's employment for the day, was promptly reported to defendant. At hearing, the parties stipulated

that plaintiff remains disabled because of her June 11, 1976 back injury."

In a split decision, the WCAB found that plaintiff was injured in the course of her employment because the statutory presumption in MCL 418.301(2); MSA 17.237(301)(2) [now MCL 418.301(3); MSA 17.237(301)(3), as amended by 1980 PA 357] applied. That section provided:

"(2) Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

The WCAB found that plaintiff was on the employer's premises within a reasonable time after working hours and that, despite the personal nature of her presence there and that she had temporarily left the premises, the § 301 presumption should apply.

Defendant argues in this appeal that the WCAB erred because plaintiff's injury did not occur in the course of her employment. Plaintiff argues that the WCAB accurately applied the presumption that plaintiff's disability occurred in the course of her employment, and, even assuming that the presumption is inapplicable, the injury still occurred in the course of plaintiff's employment.

We find that there is no competent evidence to support the WCAB's finding that the statutory presumption applies. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). While we do not disagree that this 30-minute period may be a "reasonable time" within the meaning of the statute, we cannot find competent evidence, on these facts, that plaintiff was "going to or from work" when

the accident occurred. Rather, plaintiff had left work, gone shopping, and then returned solely for the purpose of searching for her keys.

The WCAB majority also impliedly found that there was a sufficient nexus between plaintiff's employment and injury for this accident to have occurred in the course of plaintiff's employment with defendant. The WCAB relied upon *Nemeth v Michigan Building Components,* 390 Mich 734; 213 NW2d 144 (1973).

In *Nemeth,* the employee amputated the fingers on his left hand on a saw he was using for personal work 35 minutes after check-out time. The employer authorized this personal use of its equipment on its premises. The Court found that Nemeth's accident was incident to his employment relationship because the employer's agreement to allow Nemeth the use of the saw increased employee good will, a benefit to the employer. The Court held:

"There is a sufficient nexus between the employment and the injury in a case where an employee sustains an injury while using equipment provided by the employer on the employer's premises so that recovery should be allowed even though the injury occurred after regular working hours and the equipment was being used for a purpose other than the manufacture of the employer's products." *Nemeth,* p 738 (footnote omitted).

We do not find *Nemeth* dispositive in this case.

An injury occurring to an employee on the employer's premises is not per se compensable. *Ledbetter v Michigan Carton Co,* 74 Mich App 330, 334-335; 253 NW2d 753 (1977), *lv den* 401 Mich 829 (1977). Rather, a compensable injury is one that arises out of and in the course of employment. *Id.,* MCL 418.301; MSA 17.237(301). The

injury must result from the work itself, or from the stresses, the tensions, and the associations of the working environment, human as well as material. *Crilly v Ballou,* 353 Mich 303, 326; 91 NW2d 493 (1958). An injury arises out of the course of employment when it occurs as a circumstance of or incident to the employment relationship. *McClure v General Motors Corp (On Rehearing),* 408 Mich 191, 204; 289 NW2d 631 (1980).

We cannot find that the accident at issue in this case occurred within the course, the flow, the path, route, or channel of plaintiff's employment. *Nemeth, supra.* Rather, we agree with the dissenting WCAB member who found no nexus between this injury and plaintiff's employment because plaintiff had already left work and begun to perform personal, nonwork-related activities prior to the accident. Defendant did not derive any special benefit from plaintiff's activities at the time the accident occurred. *Nemeth, supra.* Thus, we cannot find that plaintiff's injury was related to any special circumstance incident to plaintiff's and defendant's employment relationship.

Because we find that plaintiff's injury did not arise out of the course of her employment, we reverse the WCAB decision and award. Because we reverse, we need not address defendant's second argument on appeal.

Reversed.