ROBINSON v CHRYSLER CORPORATION

Docket No. 73867. Submitted July 30, 1984, at Detroit.—Decided September 24, 1984.

Steven E. Robinson was hired by Chrysler Corporation and fired the following day, ostensibly because he was unable to satisfactorily perform the tasks assigned him. Shortly thereafter, he was hospitalized and diagnosed as suffering severe schizophrenia. Steven Robinson was subsequently declared to be mentally incompetent by the Wayne Probate Court, and Delores Robinson was appointed to be his legal guardian. Delores Robinson then sought a determination by the Bureau of Workers' Disability Compensation as to whether Steven Robinson was disabled and therefore entitled to workers' compensation benefits. The hearing referee found that Steven Robinson was disabled and awarded benefits. The Workers' Compensation Appeal Board reversed that decision and denied the continuation of benefits to Robinson. Steven E. Robinson, by his guardian, Delores Robinson, sought leave to appeal to the Court of Appeals. Leave was granted. *Held:*

1. There was sufficient competent evidence to support the board's finding that Steven Robinson's disability arose out of the termination of his employment rather than due to his employment. The board's finding is therefore conclusive.

2. Mental injury caused by a termination of employment is not compensable under the Worker's Disability Compensation Act.

Affirmed.

WORKERS COMPENSATION — MENTAL INJURY — LOSS OF EMPLOYMENT.

Mental injury caused by a termination of employment is not compensable under the Worker's Disability Compensation Act (MCL 418.301[1]; MSA 17.237[301][1]).

*Conrad J. Ceglowski,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE

82 Am Jur 2d, Workmen's Compensation § 301.

Mental disorders as compensable under workmen's compensation acts. 97 ALR3d 161.

*Lacey & Jones* (by *Gerald M. Marcinkoski),* for defendant.

Before: Hood, P.J., and R. B. Burns and S. Everett,* JJ.

Per Curiam. Steven E. Robinson, a mentally incompetent person, by and through his legal guardian, Delores Robinson, appeals by leave granted from a decision of the Workers' Compensation Appeal Board which reversed an award of workers' compensation benefits to plaintiff. Plaintiff was employed by Chrysler Corporation on September 28, 1978, and was discharged the following day. Shortly thereafter, he was hospitalized as a result of his mental condition. The guardian filed a petition seeking a determination as to whether plaintiff was disabled and, therefore, entitled to workers' compensation benefits. The hearing referee found in favor of the plaintiff and awarded benefits. The WCAB reversed that decision and denied the continuation of plaintiff's benefits. Plaintiff's application for leave to appeal to this Court was granted.

Plaintiff contends that the WCAB erred in finding that his disability arose out of the termination of his employment rather than due to his employment. Also, plaintiff argues that the WCAB's determination that an injury suffered by termination was not compensable constituted an error of law.

As to the first contention, there was sufficient competent evidence to support the board's finding. Therefore the finding is conclusive. *Mitchell v Metal Assemblies, Inc,* 379 Mich 368; 151 NW2d 818 (1967).

As to the second question, whether there was an

---

* Circuit judge, sitting on the Court of Appeals by assignment.

error at law, neither side has cited a Michigan court case directly on point.

In *Blom v Baraga County Memorial Hospital,* 1964 WCABO 366, the board decided that emotional distress resulting from loss of employment is not a compensable injury under the Worker's Disability Compensation Act. While that decision was rendered under the former act, MCL 412.1; MSA 17.151, the new act reads substantially the same:

"An employee, who receives a personal injury *arising out of and in the course of employment* by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act." MCL 418.301(1); MSA 17.237(301)(1) (emphasis supplied).

An "injury" under the act also includes a mental work-related injury. *Carter v General Motors Corp,* 361 Mich 577, 593; 106 NW2d 105 (1960).

Accordingly, we agree with the WCAB's long-standing interpretation of the act holding that mental injury caused by a termination of employment is not compensable under the Worker's Disability Compensation Act. *Magreta v Ambassador Steel Co (On Rehearing),* 380 Mich 513, 519; 158 NW2d 473 (1968). A mental injury which arises from the *loss* of employment simply cannot logically "aris[e] out of and in the course of employment". *Cf. Milton v Oakland County,* 50 Mich App 279, 284; 213 NW2d 250 (1973) (mental injuries created by employer's alleged breach of an employment contract cannot be classified as industrial injuries within the meaning of the act), and *Jamison v Storer Broadcasting Co,* 511 F Supp 1286, 1298 (ED Mich, 1981) (an emotionally based injury resulting from discharge is not within the scope of the act).

Affirmed.