DEVAULT v GENERAL MOTORS CORPORATION, PONTIAC
MOTORS DIVISION

Docket No. 82088. Submitted June 6, 1985, at Detroit.—Decided
March 17, 1986. Leave to appeal applied for.

Plaintiff, Chester Devault, Jr., was assaulted by a co-employee,
Ralph Miller, while he was working at a plant of defendant,
General Motors Corporation, Pontiac Motors Division. After
hitting the concrete floor at defendant's plant, plaintiff suffered
head injuries which rendered him totally and permanently
disabled. Plaintiff, through his guardian, Robert Devault, filed a
claim for workers' compensation benefits against defendant. A
hearing officer ruled that plaintiff was entitled to workers'
compensation benefits. However, the Workers' Compensation
Appeal Board reversed the decision of the hearing officer and
denied benefits to plaintiff on the ground that his injuries did not
arise out of his employment as required by statute. Plaintiff's ap-
plication for leave to appeal was denied by the Court of Appeals.
Plaintiff then sought leave to appeal before the Supreme Court.
The Supreme Court, in lieu of granting leave to appeal, remanded
the case for consideration by the Court of Appeals as on leave
granted. 419 Mich 964 (1984). *Held:*

1. Appellate review of a decision by the WCAB is limited.
Findings of fact made by the WCAB are conclusive and may
not be set aside if supported by record evidence, absent a
showing of fraud.

2. A workers' compensation claimant must establish by a
preponderance of the evidence both a personal injury and a
relationship between the injury and the workplace.

3. The occurrence of an injury on an employer's premises in
the course of employment does not, by itself, establish a prima
facie showing that the injury arose out of the employment.

4. Where an assault is unconnected with the employment and

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 330, 511-518, 547, 569.
Propriety and effect of trial court's adoption of findings prepared by
prevailing party. 54 ALR3d 868.
Right to maintain action against fellow employee for injury or
death covered by workmen's compensation. 21 ALR3d 845.

motivated by personal reasons, the injury that results does not normally arise out of the employment.

5. Plaintiff failed to show by a preponderance of the evidence that the injury which he suffered arose out of his employment. The record clearly established that the origin of the assault was purely private and personal, stemming from plaintiff's and Miller's separate and successive marriages to the same woman. Plaintiff's employment contributed nothing to the episode, either by engendering or exacerbating the quarrel or facilitating the assault.

Affirmed.

T. M. BURNS, J., dissented. He would reverse the decision of the WCAB and would hold that, as a matter of law, plaintiff's injuries arose out of his employment since the dispute between plaintiff and Miller, which led to the assault, was work-related and involved the question whether plaintiff should be responsible for his daughter's orthodontic bills through dental insurance benefits provided by defendant. Moreover, defendant's employees were negligent in allowing Miller to enter the plant, and thus facilitated the assault. The working environment exacerbated the altercation, since plaintiff did not expect to be assaulted at his work station and was therefore unprepared and could not retreat.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACT.

Appellate review of a decision by the Workers' Compensation Appeal Board is limited; findings of fact made by the Workers' Compensation Appeal Board are conclusive and may not be set aside if supported by record evidence, absent a showing of fraud; however, an appellate court may examine the board's application of legal standards (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — EVIDENCE.

A workers' compensation claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace.

3. WORKERS' COMPENSATION — ASSAULT BY A CO-WORKER.

Where it is clear that the origin of an assault upon a workers' compensation claimant by a co-worker is purely private and personal and that the employment contributed nothing to the episode, whether by engendering or exacerbating the quarrel or facilitating the assault, the assault should be held noncompensable.

DISSENT BY T. M. BURNS, J.

4. WORKERS' COMPENSATION — QUESTIONS OF LAW AND FACT.

*The determination of whether an injury arises out of and in the course of employment for workers' compensation purposes may be a question of law, a question of fact, or a mixed question of law and fact depending upon the circumstances presented in each case.*

5. WORKERS' COMPENSATION — ASSAULT BY A CO-WORKER.

*Injuries to a workers' compensation claimant received in an assault by a co-worker arise out of the employment if either the risk of assault is increased because of the nature or setting of the work or the reason for the assault was a quarrel having its origin in the work; assaults for private reasons do not arise out of the employment unless, by facilitating an assault which would not otherwise be made, the employment becomes a contributing factor.*

*Robert A. Canner & Associates, P.C.* (by *Robert A. Canner*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jonathan T. Kopit*), for defendant.

Before: GRIBBS, P.J., and T. M. BURNS and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiff appeals from a decision of the Workers' Compensation Appeal Board which denied him disability benefits for injuries he suffered during an assault that occurred in defendant's plant on October 4, 1978.[1] The WCAB reversed the decision of a hearing referee and denied benefits on the ground that plaintiff's injuries did not arise out of his employment under MCL 418.301(1); MSA 17.237(301)(1).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff's application for leave to appeal was denied by this Court on April 25, 1984. (Court of Appeals Order No. 75546.) On November 30, 1984, in lieu of granting leave to appeal, the Michigan Supreme Court remanded this case to this Court for consideration as on leave granted. 419 Mich 964 (1984).

Plaintiff was assaulted while working at defendant's Pontiac Assembly Plant by Ralph Miller, a co-employee and the husband of plaintiff's ex-wife. Miller struck plaintiff on the right jaw with his left hand, causing plaintiff to fall and hit his head on the plant's concrete floor. Plaintiff suffered closed head injuries which left him totally and permanently disabled.

The WCAB found that the record consistently indicated that the origin of Miller's animosity toward plaintiff was Miller's wife's relationship with plaintiff. (Miller and plaintiff's ex-wife have since divorced.) Miller admitted knowing plaintiff only through his wife and that all of his earlier confrontations with plaintiff, at or away from work, were of a personal nature. Although Miller and his wife were co-employees with plaintiff, they worked in a different section of the plant.

Miller testified that certain phone calls to his home by plaintiff and a personal contact at work from plaintiff had caused his wife to become more nervous and resulted in his taking over her job on occasion, making him more "uptight" about his job performance. The WCAB found that there was no evidence, however, that this contributed to the personal anger provoking his attack on plaintiff.

According to Miller's testimony, the provocation for the attack was plaintiff's refusal to pay the expenses for his own daughter's dental braces while she continued to live with her mother (Miller's wife) and Miller. Another cause for the assault was Miller's learning that plaintiff's daughter had attempted, two weeks earlier, to commit suicide after plaintiff had reportedly visited the Friend of the Court concerning his support payments.

Miller testified that after learning of plaintiff's refusal to pay for his daughter's braces, he became angry and drove from his home to defendant's

plant complex to confront plaintiff. He gained admittance to the complex by lying to the guard at the second gate that he was late for work, after being refused entry at the first gate by disclosing his purpose for entering the plant. Miller then discovered plaintiff's new reassigned work station within the multi-plant area and hitched a ride on a maintenance truck to plaintiff's location. The WCAB found from Miller's and other employees' testimony that Miller acted as the clear aggressor against plaintiff, giving plaintiff no opportunity to retreat before landing the blow which caused the injury.

Appellate review of a decision by the WCAB is limited. Findings of fact made by the WCAB are conclusive and may not be set aside if supported by record evidence, absent a showing of fraud. An appellate court may examine the board's application of legal standards, however. *Spencer v Clark Twp,* 142 Mich App 63, 66; 368 NW2d 897 (1985); Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). This Court errs if it substitutes its findings of fact for those of the WCAB on the question of an injury's work-relatedness. *Brady v Clark Equipment Co,* 72 Mich App 274; 249 NW2d 388 (1976), *rev'd* 400 Mich 806; 282 NW2d 921 (1977).

The Michigan Supreme Court has held that "[i]n all successful workers' compensation cases, the claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace". *Miklik v Michigan Special Machine Co,* 415 Mich 364, 367; 329 NW2d 713 (1982). Claimants carry the burden of proving causation by a preponderance of the evidence. *McClain v Chrysler Corp,* 138 Mich App 723, 727-728; 360 NW2d 284 (1984). The occurrence of an injury on an employer's premises in the

course of employment does not, by itself, establish
a prima facie showing that the injury arose out of
the employment. *McClain, supra,* pp 731-732.

The following passage, quoted with approval by
the Michigan Supreme Court in *Crilly v Ballou,*
353 Mich 303, 311-312; 91 NW2d 493 (1958), ex-
plains well what is required for a causal connec-
tion to be found between an injury and a work-
place:

"Not the particular or peculiar character of the asso-
ciations and conditions, but that the work creates and
surrounds the employee with them is the basic thing.

"Nor is it necessary, as these cases show, that the
particular act or event which is the immediate cause of
the injury be itself part of any work done for the
employer by the claimant or others. * * * Not that the
act is in the line of duty, or forwards the work, or
creates special risks, *but that the work brings the
employee within its peril,* makes it, for purposes of
compensation, 'part of the work.' " *Hartford Accident &
Indemnity Co v Cardillo,* 72 US App DC 52; 112 F2d 11
(1940), *cert den* 310 US 649; 60 S Ct 1100; 84 L Ed 1415
(1940). (Emphasis supplied.)

The *Crilly* Court also cited a South Carolina Su-
preme Court case in which the cause of a work-
place assault was found to be a personal conflict,
as here, and noted that the causal connection
requirement was lacking:

"The requirement that there be a causal connection
between the work, or the incidents thereof, the working
conditions, and the injury, *serves to exclude the purely
personal, nonwork connected, disputes,* such as that
which arose after one Harry Elrod attempted to 'date'
the wife of a fellow workman whom he had met in a
tavern the night preceding the altercation. *Elrod v
Union Bleachery,* 204 SC 481 (30 SE2d 73)." *Crilly v
Ballou, supra,* pp 326-327. (Emphasis supplied.)

It has been generally recognized that where an assault is unconnected with the employment and motivated by personal reasons, the injury that results does not normally "arise out of" the employment.[2]

Plaintiff sets forth five arguments on appeal as to why his injury arose out of his employment for purposes of MCL 418.301(1); MSA 17.237(301)(1). His first argument is that Miller's employment with defendant afforded him special knowledge that it was company policy not to deny admittance to an employee who claimed he was late for work. Thus, he claims the injury was employment related because Miller gained knowledge on the job which allowed him to gain access to plaintiff. The WCAB rejected this argument because it found as a fact that defendant had a flexible enforcement policy concerning admissions and departures. The board also found that Miller had used a lie to gain entrance to the plant which was a "common technique", not related to any "special knowledge" of plant regulations. Since this finding of fact is supported by the record, we do not substitute our own findings for those of the board. *Brady v Clark Equipment Co, supra.*

Plaintiff's second argument on appeal is that Miller had special knowledge of defendant's plant complex and was therefore able to quickly and easily track down plaintiff prior to the assault. The board rejected this contention on the grounds that the dispute involved was purely personal and that Miller's knowledge, by itself, did not provide the required causal connection. From the facts, it is evident that Miller was determined to have his vengeance on plaintiff wherever he might find him. We agree with the board that the facts

---

[2] See, 1 Larson's Workmen's Compensation Law, Assaults, §§ 11.00 through 11.34; 82 Am Jur 2d, Workmen's Compensation, § 329, p 126.

support a conclusion that Miller's special knowledge of defendant's plant complex did not facilitate an assault which would not otherwise have been made.

Plaintiff's third basis for a causal connection is that the assault occurred while plaintiff was working, and that he was unable to retreat or take evasive action. The board found this argument unpersuasive because Miller testified that, had plaintiff attempted to run, he would have prevented him from leaving. Again, as this is a finding of fact, supported by the record evidence, we will not attempt to substitute our own findings. *Brady v Clark Equipment Co, supra.*

Further, we agree with the board's rejection of plaintiff's positional-risk theory under *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783 (1970). Plaintiff's reliance on the positional-risk theory is based on a misunderstanding of the doctrine. The doctrine applies only to neutral risks, or those risks which arise neither from an employment situation nor from the acts of an employee. A classic example of a neutral risk is being struck by lightning while on the job. Plaintiff here was not injured by a neutral risk, but by an intentional act of a co-employee, motivated by private reasons:

"When it is clear that the origin of the assault was purely private and personal, and that the employment contributed nothing to the episode, whether by engendering or exacerbating the quarrel or facilitating the assault, the assault should be held noncompensable even in states fully accepting the positional-risk test, since that test applies only when the risk is 'neutral.' " 1 Larson's Workmen's Compensation Law, Assaults, § 11.21, p 3-256. (Footnotes omitted.)

It is clear that the risk here was not neutral;

plaintiff's positional-risk doctrine argument was properly rejected by the board.

Plaintiff's fourth argument is that the source of the dispute between Miller and himself was a company-provided benefit, the dental care of his daughter. The board found the fact that his daughter's braces might have been partially paid for by company-provided insurance to be irrelevant to the dispute. The basis of the dispute was plaintiff's refusal to authorize payment, not the extent of any insurance coverage. This finding is supported by the record evidence. There appears to be no difference in the dispute here over authorization of payment and an argument over money earned through employment. The board therefore did not err on this issue.

Plaintiff's final argument is that his working conditions, *i.e.,* the concrete floor in the plant, increased the severity of his injuries. This argument was properly rejected by the board. In *Ledbetter v Michigan Carton Co,* 74 Mich App 330; 253 NW2d 753 (1977), *lv den* 401 Mich 829 (1977), this Court rejected a similar "arising out of" argument as it related to idiopathic falls in the workplace. This Court stated:

"The plaintiff's remaining argument for compensation is that the concrete or cement floor onto which the decedent fell aggravated his injury. Although we recognize that a fall onto a softer surface may have lessened the impact, we are not convinced that the composition of the floor necessarily aggravated the harm. It cannot be said with certainty that had the fall occurred at a different location, away from the employer's premises, the injuries would have been less serious." 74 Mich App 337.

Based on the *Ledbetter* holding, the board did not err in rejecting plaintiff's final argument.

The record thus supports the following WCAB conclusion:

"That their purely personal hostility arising from separate successive marriages to the same woman was 'imported into the work place' did not imbue their relationship with any contribution from the employment environment."

Plaintiff has failed to carry his burden of proving by a preponderance of the evidence that the injury he suffered arose out of his employment for purposes of MCL 418.301(1); MSA 17.237(301)(1).

Affirmed.

GRIBBS, P.J., concurred.

T. M. BURNS, J. *(dissenting)*. I respectfully dissent because I believe that the Workers' Compensation Appeal Board committed an error of law in determining that plaintiff's injuries did not arise out of his employment.

While at work, plaintiff was assaulted by a co-employee. Plaintiff suffered serious head injuries and is now totally and permanently disabled. Plaintiff brought this workers' compensation claim and a civil claim against the co-employee. The civil suit was dismissed on the basis that plaintiff's exclusive remedy was under the Worker's Disability Compensation Act.

A hearing referee ruled that plaintiff was entitled to workers' compensation benefits since his injuries were sustained during the course of, and arose out of, plaintiff's employment. The workers' compensation appeal board reversed, making the following findings of fact:

"The record was consistent concerning the origin of the animosity against plaintiff by his assailant, Ralph

Miller, then married to plaintiff's ex-wife. Miller admitted hating plaintiff since becoming acquainted with the ex-wife at defendant's plant complex where they also worked, but in a different plant from plaintiff. * * * All of their earlier confrontations, at or away from work, were admittedly of a personal nature, and Miller admitted knowing plaintiff only through his ex-wife's relationship with plaintiff. * * * The incident producing plaintiff's disability resulted from plaintiff's refusal to pay the expenses for his own daughter's dental braces while she continued to live with her mother and stepfather.

"Miller testified that phone calls to their home and at least one personal contact at work from plaintiff caused his wife to become more nervous and resulted in his taking over her job on occasion, making him more 'uptight' about his job performance. * * * However, there was no evidence that these disagreements involved plaintiff's job duties, or that Miller's presumed extra work contributed to the personal anger provoking his attack on plaintiff. This admittedly was building since his becoming acquainted with plaintiff's ex-wife and especially since learning that plaintiff's daughter had attempted (two weeks before his assault) to commit suicide after plaintiff reportedly visited the Friend of the Court concerning his support payments. * * *

"Miller's testimony established that, after learning of plaintiff's refusal to pay for the braces, he became angry and drove two and a half miles from his home on his day off to confront plaintiff at defendant's plant complex. * * * He gained admittance to the complex by lying to the guard at the second gate that he was late for work after being refused entry at the first gate by disclosing the personal nature of his mission. * * * Discovering plaintiff's new reassigned work station within the multiplant area, he hitched a ride on a maintenance truck to that location. * * * Miller's own testimony, plus that of plaintiff's co-employees who witnessed the assault, described Miller as the clear aggressor without any physical provocation or defense by plaintiff. Plaintiff was never given the opportunity to retreat because Miller stated that he did not allow plaintiff out of 'hands reach' and stayed with him for

several minutes, pushing and shoving plaintiff before hitting him on the jaw with his fist and knocking him back onto the concrete floor."

I agree with the majority that appellate review of a decision of the Worker's Compensation Appeal Board is limited. The appeal board's findings of fact will not be set aside in the absence of fraud if there is evidence in the record to support the board's findings. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Howard v General Motors Corp*, 132 Mich App 639; 348 NW2d 286 (1984). The appeal board's decision, however, can be reversed if the board has operated within the wrong legal framework or where its decision is based upon erroneous legal reasoning. *Schaefer v Williamston Community Schools*, 117 Mich App 26; 323 NW2d 577 (1982), lv den 417 Mich 928 (1983). There is no dispute that plaintiff's injuries were sustained during the course of his employment. Plaintiff was injured at his work station during work hours. The critical issue in this case is whether plaintiff's injuries arose out of his employment. The determination of whether certain injuries arise out of the claimant's employment may be a question of law, a question of fact, or a mixed question of law and fact depending upon the circumstances presented in each case. *Koschay v Barnett Pontiac, Inc*, 386 Mich 223, 225; 191 NW2d 334 (1971); *Marcotte v Tamarack City Volunteer Fire Dep't*, 120 Mich App 671, 676; 327 NW2d 325 (1982).

An injury occurring to an employee on an employer's premises is not per se compensable. *MacDonald v Michigan Bell Telephone Co*, 132 Mich App 688; 348 NW2d 12 (1984). To be compensable the worker's injury must result from the work itself, or from the stresses, tensions, or associations

of the working environment, as a circumstance or incident to the employment relationship. *Mac-Donald, supra.* In essence, the injury must be work-related.

While I accept the WCAB's findings of fact, I would find that the board made an error of law in determining that the injuries arose totally from a personal dispute and were not related to plaintiff's employment.[1] The relevant law is stated in 1 Larson's Workmen's Compensation Law, Assaults, § 11.00, p 3-161:

> "Assaults arise out of the employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work. A few jurisdictions deny compensation if the claimant himself was the aggressor; most reject this defense if the employment in fact caused the fight to break out. An increasing number accept the idea that the strain of enforced close contact may in itself provide the necessary work connection. Assaults for private reasons do not arise out of the employment unless, by facilitating an assault which would not otherwise be made, the employment becomes a contributing factor. Assaults by lunatics, drunks, and children have generally been found to arise out of the employment, and the same has been held by some courts in the case of unexplained or mistaken-identity assaults, although there is authority to the contrary."

Applying the proper legal standard to this case, the facts as found by the Workers' Compensation Appeal Board support a finding that plaintiff's injuries were work-related. Plaintiff's assailant began hating plaintiff because of an incident that occurred at work. The "personal" dispute, which

---

[1] Since I accept the WCAB's findings of fact, I feel that *Brady v Clark Equipment Co,* 72 Mich App 274; 249 NW2d 388 (1976), *rev'd* 400 Mich 806 (1977), is distinguishable.

led to the assault, concerned the question whether plaintiff's employee benefits could be applied toward his daughter's braces. The assailant was the stepfather of plaintiff's daughter. The cause for the dispute, employee benefits, is clearly work-related.

The employer's negligence also aided the assailant in making a surprise attack. The assailant did not work the same shift as plaintiff, but was allowed on the premises even though he did not have a proper color-coded badge. The appeal board attempts to explain away this undisputed fact by finding that the assailant lied when he told the security guard that he was late for his shift. The assailant's lie, however, is legally irrelevant in light of the undisputed fact that the assailant did not work the shift that he claimed he was late for and did not have a proper color-coded badge, which should have been checked by the security guard. Despite the fact that the assailant was obviously on the premises without authority, the assailant was driven to the plaintiff's work site by one of the employer's maintenance crews. These actions allowed the assailant to trap the unsuspecting plaintiff at his work station. The WCAB clearly found that plaintiff was trapped at his work station since it accepted the assailant's testimony that he would not allow plaintiff out of hand's reach and would not give plaintiff the opportunity to retreat. Had the assault occurred elsewhere, plaintiff may have seen the assailant coming and taken the opportunity to retreat. Instead, plaintiff fell and hit his head on the plant's concrete floor. The working environment therefore exacerbated this altercation.

The hearing referee in this case applied the proper legal standard and reached this same result finding that plaintiff's injuries are compensable. I would agree and reverse the decision of the WCAB.