MORRIS v SOLOWAY

Docket No. 101648. Submitted April 11, 1988, at Detroit. Decided July 20, 1988. Leave to appeal applied for.

Plaintiff, Debra D. Morris, was paralyzed by a gunshot wound which was inflicted by a coemployee. Plaintiff sought workers' compensation benefits and a hearing referee granted them. The Workers' Compensation Appeal Board reversed the referee's decision and denied plaintiff benefits. Plaintiff's application for leave to appeal was denied by the Court of Appeals. The Supreme Court then remanded the case to the Court of Appeals for consideration as on leave granted. 428 Mich 904 (1987). Named as defendants in the action are William Soloway, doing business as Bruce's Cocktail Lounge, Travelers Insurance Company, and the Second Injury Fund.

The Court of Appeals *held:*

Record evidence supports the WCAB's finding that plaintiff's injuries arose from a personal dispute and were not related to plaintiff's employment. Plaintiff was injured by an intentional act of a coemployee motivated by private reasons, not by a neutral risk, therefore, her positional-risk theory argument was properly rejected.

Affirmed.

1. WORKERS' COMPENSATION — FINDINGS OF FACT.

Findings of fact made by the Workers' Compensation Appeal Board are conclusive and may not be set aside if supported by record evidence, absent a showing of fraud; an appeal board decision may be reversed if it operated within the wrong legal framework or where its decision is based on erroneous legal reasoning.

2. WORKERS' COMPENSATION — BURDEN OF PROOF.

A workers' compensation claimant must establish, by a preponderance of the evidence, both a personal injury and a relationship between the injury and the workplace.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 511 *et seq.,* 630 *et seq.*
See the Index to Annotations under Workers' Compensation.

*Alpert & Alpert* (by *Joel L. Alpert*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Second Injury Fund.

Before: DANHOF, C.J., and MAHER and C. W. SIMON, JR.,* JJ.

PER CURIAM. This case has been remanded to us by our Supreme Court for consideration as on leave granted. 428 Mich 904 (1987). We previously denied plaintiff's application for leave to appeal from a Workers' Compensation Appeal Board order which reversed a hearing referee's decision and denied plaintiff benefits. We affirm the WCAB order.

The only issue is whether plaintiff's injury arose out of and in the course of employment so that she is entitled to compensation. MCL 418.301(1); MSA 17.237(301)(1).

Plaintiff was paralyzed by a gunshot wound to the neck which was inflicted by a coemployee, Linda Hill. Both plaintiff and Hill worked as dancers at Bruce's Cocktail Lounge. Hill worked the day shift. Plaintiff worked at night. On the day of the shooting, Hill left the bar and returned when plaintiff was working.

Hill shot plaintiff as she walked out of the ladies room. Conflicting testimony was presented regarding the circumstances surrounding the shooting. Hill was described as a dangerous drug dealer who carried a gun. She was killed before she could testify. The shooting might have resulted from plaintiff's and Hill's argument over a dance costume.

The WCAB stated:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I would find as fact that plaintiff's injuries are the result of a personal dispute between the two women. Although technically the women were co-employees, they worked different shifts. There is no evidence that the short period of overlap between the two shifts gave rise to any communication between the two, either positive or negative. The evidence is clear that the women knew each other before they commenced employment with defendant. It is not clear who initiated the conversation or what was discussed. There is no evidence that the incident and resulting injury are related to the employment. Even assuming, as plaintiff testified at trial, that the conversation pertained to purchase of a dance costume this would not be sufficient to establish a relationship to plaintiff's employment. Defendant did not provide costumes or make allowance for purchase of same. This was a purely personal pursuit. *Brady v Clark Equipment Co,* 72 Mich App 274 [249 NW2d 388 (1976)], reversed by the Supreme Court 400 Mich 806 [1977], which reinstated the Appeal Board decision, 1976 WCABO 524.

I also reject the argument of the positional risk doctrine. *Whetro v Awkerman,* 383 Mich 235 [174 NW2d 783] (1970). Although there was testimony of problems between employees and patrons on an occasional basis, I cannot extend this to an assault by one employee on another, especially where plaintiff expressly removed herself from the "work place" to continue a personal conversation with someone she did not get along with, per review of the record.

Our review of a WCAB decision is limited. The WCAB's findings of fact are conclusive and may not be set aside if supported by record evidence, absent a showing of fraud. However, the WCAB's decision may be reversed if it operated within the wrong legal framework or where its decision is based on erroneous legal reasoning. *Coleman v General Mo-*

*tors Corp,* 166 Mich App 784, 789; 421 NW2d 295 (1988).

A claimant must establish, by a preponderance of the evidence, both a personal injury and a relationship between the injury and the workplace. *Miklik v Michigan Special Machine Co,* 415 Mich 364, 367; 329 NW2d 713 (1982). Claimants carry the burden of proving causation by a preponderance of the evidence. *Devault v General Motors Corp, Pontiac Motors Division,* 149 Mich App 765, 769; 386 NW2d 671 (1986), lv den 425 Mich 880 (1986).

> The requirement that there be a causal connection between the work, or the incidents thereof, the working conditions, and the injury, serves to exclude the purely personal, nonwork connected, disputes, such as that which arose after one Harry Elrod attempted to "date" the wife of a fellow workman whom he had met in a tavern the night preceding the altercation. *Elrod v Union Bleachery,* 204 SC 481 (30 SE2d 73) [1944]. Excluded, also, under the terms of the statute are acts of such gross and reprehensible nature as to constitute intentional and wilful misconduct. [*Crilly v Ballou,* 353 Mich 303, 326-327; 91 NW2d 493 (1958).]

To illustrate the intentional and wilful misconduct exclusion, the *Crilly* Court cited *Federal Underwriters Exchange v Samuel,* 138 Tex 444; 160 SW2d 61 (1942), in which the claimant and another employee fought. The claimant armed himself with an iron bar and knife and advanced toward the other employee. He was injured when the other employee hit him over the head with a board. Our Supreme Court restated this example in *Harrison v Tireman & Colfax Bump & Repair Shop,* 395 Mich 48, 50; 232 NW2d 274 (1975).

In *Brady v Clark Equipment Co,* 72 Mich App

274; 249 NW2d 388 (1976), rev'd 400 Mich 806 (1977), the plaintiff was injured in a fight with another employee. The fight resulted from the other employee's broadcasting of the plaintiff's financial affairs around their plant. The WCAB denied benefits because the plaintiff's injuries arose from a personal nonwork-related dispute. This Court reversed, finding that the WCAB misapplied the *Crilly* standards. Our Supreme Court reversed this Court's judgment and reinstated the WCAB's order because this Court erred in substituting its findings for those of the WCAB on the question of work-relatedness. 400 Mich 806.

Record evidence supports the WCAB's finding that plaintiff's injuries arose from a personal dispute and were not related to plaintiff's employment. We will not set aside that finding.

Plaintiff advances a positional-risk argument that, as a dancer in a cocktail lounge, she was exposed to an increased risk of assault from lawless and irresponsible members of the public. The WCAB rejected this argument. In *Devault, supra,* this Court affirmed the WCAB's denial of benefits to a plaintiff who was injured in an assault by a coemployee. The *Devault* Court stated:

> Further, we agree with the board's rejection of plaintiff's positional-risk theory under *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783 (1970). Plaintiff's reliance on the positional-risk theory is based on a misunderstanding of the doctrine. The doctrine applies only to neutral risks, or those risks which arise neither from an employment situation nor from the acts of an employee. A classic example of a neutral risk is being struck by lightning while on the job. Plaintiff here was not injured by a neutral risk, but by an intentional act of a co-employee, motivated by private reasons:
> "When it is clear that the origin of the assault

was purely private and personal, and that the employment contributed nothing to the episode, whether by engendering or exacerbating the quarrel or facilitating the assault, the assault should be held noncompensable even in states fully accepting the positional-risk test, since that test applies only when the risk is 'neutral.' " 1 Larson's Workmen's Compensation Law, Assaults, § 11.21, p 3-256. [149 Mich App 772.]

As in *Devault,* plaintiff here was not injured by a neutral risk, but by an intentional act of a coemployee, motivated by private reasons.

Affirmed.