CALOVECCHI v STATE OF MICHIGAN

Docket No. 185345. Submitted December 18, 1996, at Lansing. Decided
May 2, 1997, at 9:15 A.M. Leave to appeal sought.

Ronald F. Calovecchi sought worker's disability compensation bene-
fits, alleging a mental disability arising out of the circumstances
surrounding his suspension from his duties as a state police officer.
Following an internal affairs investigation of a domestic dispute
that involved an allegation that Calovecchi had pulled a gun on his
stepson, Calovecchi was summoned to a meeting in a meeting
room at his workplace where he was placed on leave and relieved
of his badge and service firearm. Calovecchi testified that because
he had been required to walk through a work area in which col-
leagues were present in order to attend the meeting, he felt totally
disgraced by the procedure and was sure that his colleagues were
aware of what had happened in the meeting, and he asserted that
he had suffered unwarranted harassment, disgrace, and humiliation
that rendered him emotionally unable to function as a police
officer. Although Calovecchi was told at the meeting that he could
return to work on the following day if he made· arrangements to
see a licensed mental health practitioner of his choice, he declined
that offer, never returned to work, and, eventually, was given a dis-
ability retirement. A worker's compensation magistrate denied the
claim for benefits on the authority of *Robinson v Chrysler Corp,*
139 Mich App 449 (1989), finding that any disability arose out of
Calovecchi's termination and not from work-related conditions. The
Worker's Compensation Appellate Commission affirmed the magis-
trate's determination. Calovecchi appealed by leave granted.

The Court of Appeals *held:*

The reliance of the magistrate and the appellate commission on
the holding in *Robinson* is misplaced. Termination of employment,
as was the case in *Robinson*, cannot be considered to be a work-
related event that can cause an injury that arises out of and in the
course of employment. Here, however, Calovecchi's employment
was not terminated; he could have returned to work if he had
sought appropriate counseling, and his suspension was an act of
discipline that was not intended, and should not be considered, to
be the equivalent of termination. Because the suspension should
have been considered in the same light as other stress-inducing

events that may arise in the course of employment, the magistrate and the appellate commission should have considered whether Calovecchi had suffered a disability as the result of stress arising out of an act of discipline that was imposed in the course of employment. The matter must be remanded for further consideration by a magistrate.

Reversed and remanded.

WORKER'S COMPENSATION — DISCIPLINE — COURSE OF EMPLOYMENT.

The disciplining of a worker by means of a suspension from employment rather than by termination of employment may be considered to be an event that arises out of and in the course of employment for the purpose of determining whether benefits are payable under the Worker's Disability Compensation Act (MCL 418.301; MSA 17.237[301]).

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Deborah A. Deprez*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Michael A. Nickerson*, Assistant Attorney General, for the defendant.

Before: MCDONALD, P.J., and MURPHY and M. F. SAPALA*, JJ.

PER CURIAM. Plaintiff appeals by leave granted the opinion and order of the Worker's Compensation Appellate Commission affirming the magistrate's denial of disability benefits. We reverse and remand for further proceedings.

Plaintiff was a long-term employee of the Michigan State Police. He attained the rank of sergeant and was a safety and traffic specialist. Plaintiff was the subject of an internal affairs investigation that began in September 1989. The investigation concerned plaintiff's domestic situation and allegations that plaintiff

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

had pulled a gun on his stepson. The investigation culminated in a November 17, 1989, meeting at plaintiff's workplace. To get to the meeting room, plaintiff had to walk through work areas where many of his colleagues were present. At the meeting, plaintiff was placed on leave and relieved of his badge and service firearm. Plaintiff testified that he felt totally disgraced by the procedure and he was sure his colleagues were aware of what had happened at the meeting. He did not return to work, but continued to receive full pay and benefits until the department placed him on disability retirement. Dr. Gary Kaufman, a psychologist employed by the Department of State Police, testified that plaintiff could have returned to work on the day after the meeting, if he had made arrangements to see a licensed mental health practitioner of his choice. Plaintiff declined to do so. The allegations of misconduct were later dismissed.

Plaintiff filed a claim for worker's disability compensation benefits, alleging a mental disability arising out of the circumstances of his suspension from duties. He asserted that the unwarranted harassment, disgrace, and humiliation rendered him emotionally unable to function as a police officer.

Following a hearing, the magistrate denied benefits on the authority of *Robinson v Chrysler Corp*, 139 Mich App 449; 363 NW2d 4 (1989), because any disability arose out of plaintiff's termination and not from work-related conditions. On appeal, the Worker's Compensation Appellate Commission affirmed the decision of the magistrate, finding that the magistrate correctly concluded that plaintiff's alleged injury arose from a loss of employment. The commission found that the rationale behind *Robinson* was equally

applicable to permanent terminations and to those that are later rescinded. Because the disability did not arise out of and in the course of employment, the magistrate was not required to apply the Supreme Court's holding in *Gardner v Van Buren Public Schools*, 445 Mich 23; 517 NW2d 1 (1994), to determine the merits of plaintiff's claim.

To be compensable, an injury must arise out of and in the course of employment. MCL 418.301; MSA 17.237(301). The injury must result from the work itself or from the stresses, the tensions, and the associations of the working environment, human as well as material. *Crilly v Ballou*, 353 Mich 303, 326; 91 NW2d 493 (1958). An injury arises out of the course of employment when it occurs as a circumstance of or incident to the employment relationship. *McClure v General Motors Corp (On Rehearing)*, 408 Mich 191, 204; 289 NW2d 631 (1980); *MacDonald v Michigan Bell Telephone Co*, 132 Mich App 688, 692; 348 NW2d 12 (1984).

The question presented by this case is whether an act of discipline, such as a suspension, may be considered a work-related event, such that an injury allegedly caused by such an event may be found to arise out of and in the course of employment. In *Robinson, supra*, this Court agreed with the Worker's Compensation Appeal Board's longstanding interpretation of the act, holding a mental injury caused by a termination of employment is not compensable under the Worker's Disability Compensation Act. The reasoning behind this interpretation is that a mental injury arising from the loss of employment cannot logically arise in the course of employment. *Id.*, 451.

This matter is so well settled that no published cases have cited *Robinson.*

We do not believe that the holding in *Robinson* can be properly extended to acts of discipline. The appellate commission has previously held that a psychiatric disability caused by a demotion rather than a discharge may be compensable. *Vander Molen v Dean Foods,* 1990 WCACO 1022.

*Robinson* is based on the simple proposition that an act of ending employment cannot be construed as being in the course of employment. However, this proposition does not naturally extend to an act of discipline that is not intended to end the relationship. Dr. Kaufman testified that plaintiff could have returned to work the next day if he had acceded to the conditions imposed upon him. Thus, it is clear that the suspension was not intended to be final and that it was contemplated that plaintiff would return to work.

The commission erred in finding that an injury stemming from an act of discipline does not arise out of and in the course of employment as a matter of law. The discipline imposed here was not intended to be the equivalent of termination. If plaintiff had agreed to see a psychologist of his own choosing, he could have returned to work the next day. Where an employer has disclaimed an intent to terminate an employee, there is no basis on which to isolate the stresses imposed on the employee by the suspension from the other stresses resulting from employment. *Crilly, supra.*

The decision of the Worker's Compensation Appellate Commission is reversed, and this matter is remanded to the Board of Magistrates for further pro-

ceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, a question of public policy being involved.