*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SANDY KAOUD,

Plaintiff-Appellee,

v

SAMUEL ALEXANDER KLOS,

Defendant-Appellant,

and

AUTO CLUB GROUP INSURANCE COMPANY,

Defendant.

UNPUBLISHED
September 17, 2025
3:10 PM

No. 371467
Wayne Circuit Court
LC No. 22-006909-NI

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

Defendant[1] appeals by leave granted[2] the trial court's order denying his motion for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction), MCR 2.116(C)(7) (immunity granted by law), and MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and defendant were employees at the same hospital. After finishing a shift, plaintiff left the hospital and began walking to her car in the hospital's parking lot. Plaintiff then turned back toward the hospital because she "forgot something at work." As plaintiff was walking across a crosswalk, defendant made a left-hand turn and struck her with his car. Plaintiff received

---

[1] Because defendant Auto Club Group Insurance Company is not a party to this appeal, we will refer to Klos as defendant for simplicity.

[2] *Kaoud v Klos*, unpublished order of the Court of Appeals, entered December 11, 2024 (Docket No. 371467).

worker's compensation payments until she returned to her job three months after the accident. She also filed suit, alleging negligence and owner-liability claims against defendant.

Defendant moved for summary disposition, arguing that plaintiff's claims should be dismissed because worker's compensation benefits were plaintiff's exclusive remedy. The trial court denied defendant's motion, reasoning that the exclusive remedy provision of the Worker's Disability Compensation Act of 1969 ("WDCA"), MCL 418.101 *et seq.*, "is the remedy only as against the employer. This is a another [sic] negligent driver in a pedestrian and truck accident." This appeal followed.

## II. STANDARDS OF REVIEW

"A motion for summary disposition under MCR 2.116(C)(4) tests the trial court's subject-matter jurisdiction." *Mays v Governor*, 506 Mich 157, 180; 954 NW2d 139 (2020). "Jurisdictional questions under MCR 2.116(C)(4) are questions of law that are . . . reviewed de novo." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 713; 909 NW2d 890 (2017) (quotation marks and citation omitted). We also review questions of statutory interpretation de novo. *Id*. at 714. Both parties can support or oppose a motion under MCR 2.116(C)(4) through affidavits, depositions, or other documentary evidence. *Id*. A trial court must dismiss an action when it lacks subject-matter jurisdiction. *Id*.

## III. ANALYSIS

Defendant argues that the trial court erred in denying summary disposition because the exclusive remedy provision of the WDCA bars plaintiff's negligence claim. We agree.

"Under the WDCA, employers provide compensation to employees for injuries suffered in the course of employment, regardless of fault." *Herbolsheimer v SMS Holding Co, Inc*, 239 Mich App 236, 240; 608 NW2d 487 (2000). Under MCL 418.301(1), an employee "who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act[,]" is entitled to worker's compensation. Worker's compensation benefits "shall be the employee's exclusive remedy against the employer for a personal injury[,]" except for circumstances involving intentional torts. MCL 418.131(1). Here, it is undisputed that both parties were hospital employees.

The trial court held that, in addition to receiving worker's compensation, plaintiff could maintain her negligence claim against defendant because the exclusive remedy provision applied only to negligence claims against an employer. We disagree. "It is well settled that the exclusive remedy provision applies when an employee is injured by the negligent acts of his employer *or* by the negligent acts of a coemployee." *Harris v Vernier*, 242 Mich App 306, 310; 617 NW2d 764 (2000) (emphasis added). Moreover, if the provision applies, a trial court lacks subject-matter jurisdiction over a negligence claim based on a coemployee's acts. *Id*. at 312-313. Because the exclusive remedy provision applies to coemployees, not just employers, the trial court necessarily erred in denying defendant's motion for summary disposition on these grounds.

On appeal, plaintiff contends that the exclusive remedy provision does not apply because her injury did not occur during the course of either party's employment.[3] Specifically, plaintiff asserts that the accident did not occur on the hospital premises because it occurred in a roadway, not in the hospital's parking lot. Plaintiff also argues that the accident did not occur within a reasonable time after the parties' shifts ended. We disagree.

"An employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his or her working hours, is presumed to be in the course of his or her employment." MCL 418.301(3). It is undisputed that the accident occurred while the parties were leaving the hospital after their shifts ended. Defendant was driving his car to the exit of the hospital complex, while plaintiff was walking through the parking area to retrieve something she forgot in the hospital. See, e.g., *Harris*, 242 Mich App at 307-308 (holding that the exclusive remedy provision applied to two employees involved in a collision in the parking lot after finishing their shifts). Plaintiff argues, without evidence, that the collision did not occur on hospital premises because it occurred on a roadway, which was not part of the hospital's parking lot. To the contrary, the hospital's chief administrator stated in an affidavit that the hospital leased, controlled, and maintained the entire parking area. There is no evidence to suggest that the hospital controlled the individual parking lots, but not the roadways connecting them. And even if we were to assume that the hospital did not control the roadway where the accident occurred, "an employee need not strictly be on the employer's 'premises' in order to be presumed to be in the course of his employment[.]" *Simkins v Gen Motors Corp*, 453 Mich 703, 715; 556 NW2d 839 (1996). Indeed, "a workman might be . . . in a public place, and yet be so close to the scene of his labor, . . . as to be in effect at the place and under the protection of the act." *Id*. at 715 (quotation marks and citation omitted). Thus, the evidence establishes that the accident occurred on the hospital's premises.

Plaintiff also asserts that she was not in the course of her employment because the accident did not occur within a reasonable time after her shift. In support of her contention, plaintiff cites *MacDonald v Michigan Bell Tel Co*, 132 Mich App 688; 348 NW2d 12 (1984).[4] In *MacDonald*, the plaintiff left work to go shopping, then returned to her employer's parking lot to look for her keys. *Id*. at 689. This Court held that the plaintiff did not suffer her injury within the course of employment, because she "returned solely for the purpose of searching for her keys." *Id*. at 690-691. Notably, this Court stated that the 30 minutes between the end of the plaintiff's shift and her

---

[3] We note that, in his reply brief, defendant contends plaintiff is judicially estopped from arguing that she was not in the course of employment because she could not have received worker's compensation without an earlier determination that she was in the course of employment. We need not address defendant's contention because he did not raise a judicial estoppel issue in his application for leave, thus, it is abandoned. See *Kaoud v Klos*, unpublished order of the Court of Appeals, entered December 11, 2024 (Docket No. 371467), citing MCR 7.205(E)(4) (limiting this appeal "to the issues raised in the application and supporting brief.").

[4] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

injury could be a "reasonable time" under the statutory presumption in MCL 418.301(3). *MacDonald*, 132 Mich App at 690. Unlike *MacDonald*, plaintiff did not leave the hospital premises before the collision, nor did she present any evidence demonstrating that walking back to the hospital was a "personal, non-work related activit[y] . . . ." See *id*. at 692. Although the collision occurred 35 to 40 minutes after the parties' shifts ended, plaintiff fails to explain how an additional 5 to 10 minutes necessarily means that the accident did not occur within a reasonable time after her shift. Because the evidence demonstrates that the collision occurred in the course of plaintiff's employment, the exclusive remedy provision applies to bar her negligence claim. Accordingly, the trial court erred by denying defendant's motion for summary disposition under MCR 2.116(C)(4).[5]

Because the WDCA's exclusive remedy provision bars plaintiff's negligence and owner-liability claims for her injury arising out of the course of employment, the trial court lacked subject-matter jurisdiction over plaintiff's claims, and erred by denying defendant's motion for summary disposition under MCR 2.116(C)(4). Reversed and remanded for the trial court to enter an order granting summary disposition to defendant. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin

---

[5] Plaintiff also argues the mend-the-hold doctrine barred defendant from raising his jurisdictional defense. This argument lacks merit because the purpose of the mend-the-hold doctrine is "to prevent a party from changing positions after litigation has commenced[,]" and to "prevent an *insurance company* from misleading an insured about the reasons for denying coverage under the terms of a policy." *Childers v Progressive Marathon Ins Co*, 343 Mich App 257, 269; 997 NW2d 273 (2022) (quotation marks and citation omitted, emphasis added), aff'd in part and rev'd in part on other grounds 513 Mich 244 (2024). Furthermore, even if the mend-the-hold doctrine applied to defendant as an individual, it does not apply to his jurisdictional defense because a party can challenge a trial court's subject-matter jurisdiction at any time, even for the first time on appeal. *Bank v Mich Educ Ass'n-NEA*, 315 Mich App 496, 499; 892 NW2d 1 (2016).